## UNITED STATES ET AL. *v.* HANCOCK TRUCK LINES, INC.

NO. 448.

Argued March 27, 1945.—Decided April 23, 1945.

*Mr. Edward Dumbauld,* with whom *Solicitor General Fahy, Assistant Attorney General Berge, Messrs. Robert L. Pierce, Walter J. Cummings, Jr., Daniel W. Knowlton* and *Nelson Thomas* were on the brief, for appellants in No. 448. *Mr. B. W. La Tourette,* with whom *Messrs. G. M. Rebman* and *Howell Ellis* were on the brief, for appellant in No. 449.

*Messrs. Albert Ward* and *Ferdinand Born,* with whom *Mr. Jacob Weiss* was on the brief, for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The appellee is a motor carrier. With the approval of the Interstate Commerce Commission it acquired the operating rights of Globe Cartage Company, another such carrier, which then had pending before the Commission an application for a certificate of convenience and necessity under §§ 206 (a) and 209 (a) of the Interstate Commerce Act.[1] The appellee prosecuted the application as Globe's successor to obtain a certificate authorizing the exercise of Globe's so-called "grandfather" rights, that is, to continue Globe's operations as they were conducted July 1, 1935.

The Commission made an order awarding a certificate to appellee as a common carrier, but for less than all the routes embraced in the application and restricting appellee's operations to traffic moving on the bills of lading of freight forwarders.[2] The record discloses that the appellee filed a petition for reconsideration, in which it pressed for amendment of the order as respects the routes permitted, but waived objection to the restriction of its traffic to service of freight forwarders. It stated: "We do not challenge, nor do we complain against, the restriction to serve only freight forwarders." There is more to the same effect. The Commission denied the petition.

The appellee brought suit[3] to set aside and enjoin only so much of the Commission's order as restricted its operations to traffic moving on bills of lading of freight forward-

---

[1] 49 U. S. C. §§ 306 (a), 309 (a).

[2] 41 M. C. C. 313; 42 M. C. C. 547.

[3] Pursuant to 28 U. S. C. §§ 41 (28), 43–48.

ers. A district court of three judges heard the case, and issued a permanent injunction as prayed. One of these judges allowed an appeal to this court on a petition filed by the appellants more than thirty but less than sixty days after entry of the decree. The appellant in No. 449 intervened before the Commission in opposition to the appellee's application, and was permitted to intervene as a defendant in the court below. No circumstance differentiates its status from that of the appellants in No. 448, and what is said concerning that case may be taken as applicable to No. 449.

The appellee moved to dismiss on the ground that the appeal was not timely taken and was improperly allowed by a single judge. We postponed the question of our jurisdiction to the hearing on the merits. After argument and upon consideration we find ourselves in the anomalous position that whereas we hold we have jurisdiction, we cannot pass upon the substantive question of the statutory power of the Commission which is the ground of appeal.

*First.* Since the appeal is from the final decree of a statutory court of three judges, and not from the entry of a preliminary injunction the period for taking an appeal is sixty days,—not thirty days as appellee contends.

When by the Act of October 22, 1913 [4] the Commerce Court was abolished and its jurisdiction transferred to district courts, definite provision was made for direct appeal to this court, within thirty days, from an order granting or denying an interlocutory injunction in a suit to set aside an order of the Commission. In a later sentence the Act declares "A final judgment or decree of the district court may be" likewise reviewed "if appeal . . . be taken . . . within sixty days" after entry. The appellee's contention, as we shall see, rests on the assumption that when the Act speaks of a final decree, it is addressed to final decrees in

---

[4] 38 Stat. 208, 219–220.

cases other than those brought to set aside orders of the Commission. But we think this reading incorrect. The paragraph as a whole deals with the same type of suit.

On this erroneous assumption the appellee insists that when the Act of February 13, 1925 [5] restricted direct review of district court judgments in this field by repealing various earlier legislation, but saving from repeal "so much" of the Act of 1913 "as relates to the review of interlocutory and final judgments and decrees in suits to enforce, suspend, or set aside orders" of the Commission, the sentence of the earlier Act applicable to final judgment was repealed because it did not deal with judgments in suits to set aside Commission orders. The argument is, to some extent, based on the fact that when the United States Code was compiled the sentence of the Act of 1913 dealing with appeals from interlocutory injunctions became § 47 of Title 28 and the sentence dealing with appeals from final judgments was omitted from the Title. The omission was corrected in 1934 by inserting the latter sentence as § 47a.[6]

The face of the statutes, the uniform practice of this court [7] and the legislative history [8] make against the contention that appeals from final decrees in the class of cases in question must be taken within thirty days.

*Second.* We hold the objection that appeal was allowed by but one of the three judges who composed the district court is untenable. The Act of October 22, 1913 (*supra*) requires that in a case such as this both the hearing in respect of an interlocutory injunction and the final hearing shall be by three judges.[9] It says nothing as to who shall

---

[5] 43 Stat. 936.

[6] A like correction was made in § 345.

[7] Reference to the records of the court discloses that it has repeatedly entertained appeals taken more than thirty but less than sixty days after entry of final judgment.

[8] Hearings H. R. 8206, 68th Cong., 1st Sess., p. 15; Senate Report on S. 2060, 68th Cong., 1st Sess., p. 16.

[9] See 28 U. S. C. § 47.

allow an appeal. Since appeal is of right, allowance would seem to be but a ministerial act which might be performed by any member of the court. Our past practice has apparently sanctioned such an allowance. But if the proper procedure was formerly a matter of doubt, such doubt has been removed.

Section 3 of the Act of April 6, 1942 [10] provides that in such a case as this a single judge may "enter all orders required or permitted by the Rules of Civil Procedure for the District Courts of the United States in effect at the time," with a proviso not here relevant. There is a further proviso that his action shall be subject to review "at any time prior to final hearing," by the court as constituted at final hearing. This, however, is obviously inapplicable to action taken subsequent to final hearing. Rule 72 states that an appeal to this court from a district court shall be allowed "as prescribed by law and the Rules of the Supreme Court of the United States governing such an appeal." Rule 36 of this court authorizes a single judge of a district court to grant such an appeal.

*Third.* The court below held that the Commission erred in granting appellee a certificate as a common carrier and limiting its right thereunder to carriage of goods consigned by freight forwarders. This is the holding the appellants challenge. We are of opinion that the record precludes consideration and decision of the question.

As has been stated, the appellee, in its petition for reconsideration by the Commission, expressly waived objection to that portion of the order which limited operations to traffic moving on bills of lading to freight forwarders. The Commission's answer to the complaint in the district court recited the filing of that petition and alleged that in it "the plaintiff limited its objections to said report and order, to the Commission's prescription of the routes over which

---

[10] 56 Stat. 198, 199; 28 U. S. C. § 792.

operating authority was granted therein, expressly waived objection to, and did not challenge or complain against the restriction of the transportation authorized to commodities consigned by freight forwarders and gave up all claim to the right to transport general commodities not so consigned." To this answer the appellee filed a reply consisting of one paragraph in which it denied the allegation above quoted, without explanation or elaboration.

The Commission and the United States filed in the court below a request for findings of fact which included a requested finding reciting the filing of the petition for reconsideration, and stated the "sole error alleged against the Commission was that it granted authority for operation only as to a portion of the routes and between some of the points and places specified in the application. In said petition the plaintiff further stated that it did not challenge nor complain against the restriction of the service authorized to the transportation of commodities which are moving on bills of lading of freight forwarders." The court made no such finding.

The only assignment of error which may be said to attack the failure so to find is one couched in general terms. It is: "The District Court erred . . . 4. In refusing to adopt the findings of fact and conclusions of law submitted by the defendants."

Putting to one side the question whether such an assignment is too general and broad to support a challenge to the court's failure to find as requested, and despite the fact that, neither on brief nor in oral argument, did the appellants' counsel press for reversal on that ground, we think the district court committed reversible error, of which we must take note, in passing on the merits of the case made by the appellee.

It was manifestly improper to reverse the Commission's order in respect of a provision therein as to which the suitor had advised that body it no longer objected but

acquiesced. The record disclosed this situation, the defensive pleading relied upon it, and the court was asked to dismiss because of it. The complaint should have been dismissed. The judgment is

*Reversed.*

MR. JUSTICE BLACK concurs in the result.