### W. J. DILLNER TRANSFER CO. v. UNITED STATES et al.

Civ. No. 8677.

United States District Court
W. D. Pennsylvania.

Dec. 5, 1951.

Ernie Adamson, Pittsburgh, Pa., for plaintiff.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., Daniel W. Knowlton, Washington, D. C., for defendant.

J. Ninian Beall, Washington, D. C., for U. S. A. C. Transport, Inc. intervening defendant.

Before STALEY, Circuit Judge, and BURNS and STEWART, District Judges.

STEWART, District Judge.

The plaintiff, W. J. Dillner Transfer Company, brings this action to vacate and set aside two orders of the Interstate Commerce Commission relative to the application of one U. S. A. C. Transport, Inc. for an extension of authority to au-thorize it to transport airplanes or parts thereof between various points in the United States. The application for extension of authority was filed on May 27, 1948. On April 11, 1949, after a series of hearings conducted in various parts of the United States, F. Roy Linn, one of the examiners for the Interstate Commerce Commission filed a report and recommended an order proposing to grant the application of U. S. A. C. Transport, Inc. Thereafter, on October 19, 1949, the Local Cartage National Conference, Inc. filed a petition for leave to intervene, reopen, rehear and vacate the recommended order granting certificate to U. S. A. C. Transport, Inc. (hereinafter referred to as "petition for rehearing"). Annexed to this petition was a list of the members of the Heavy Hauling, Machinery Moving & Erecting Section of the Local Cartage National Conference, Inc.; W. J. Dillner Transfer Co., plaintiff here, was listed as such a member and therefore may be treated as having been effectually a party to the petition for rehearing. On December 3, 1949, the Interstate Commerce Commission denied the petition for rehearing and subsequently, on January 18, 1950, granted and issued to U. S. A. C. Transport, Inc. a Certificate of Public Convenience and Necessity. These are the two orders involved in this proceeding.

Subsequently, plaintiff moved for summary judgment, under the theory that only questions of law were involved. Although plaintiff was given opportunity to do so, and although defendants offered a number of exhibits in support of their opposition to the prayers of plaintiff, plaintiff elected to offer no testimony in support of its case. Thus, the hearing on the motion for summary judgment constituted a final hearing of the case.

A motion for summary judgment may be granted only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Rule 56(c) Federal Rules of Civil Procedure, 28 U.S. C. following § 723c. Toebelman v. Mis-

souri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; U. S. v. Costa, D.C.W.D.Pa. 1951, 11 F.R.D. 492; Michel v. Meier, D.C.W.D.Pa.1948, 8 F.R.D. 464. All doubts are resolved against the moving party. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167.

Plaintiff contends that the two orders referred to above should be vacated and set aside as a matter of law on either of two grounds and that none of the fact issues involved are material thereto. First, plaintiff argues that it did not have the formal notice of the hearings on the U. S. A. C. application required by the general order of the Commission issued pursuant to §§ 205(e) and 206(b) of the Interstate Commerce Act, 49 U. S. C. §§ 305(e) and 306(b). Second, plaintiff contends that the orders should be vacated for the reason that the hearings on the application of U. S. A. C. Transport, Inc., were held before a hearing officer of the Commission who was not a hearing officer appointed under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq. [1]

Section 205(e) of the Interstate Commerce Act provides: "In accordance with rules prescribed by the Commission, reasonable notice shall be afforded, in connection with any proceeding under this chapter, to interested parties and to the board of any State, or to the governor if there be no board, in which the motor carrier operations involved in the proceeding are or are proposed to be conducted, and opportunity for intervention in any such proceeding for the purpose of making representations to the Commission or for participating in a hearing, if a hearing is held, shall be afforded to all interested parties."

Section 206(b) provides, in part, that "Application for certificates shall be made in writing to the Commission, be verified under oath, and shall be in such form and contain such information and be accompanied by proof of service upon such interested parties as the Commission shall, by regulation, require. * * *"

Pursuant to these sections, the Commission issued a general order on December 7, 1940, to the effect that a notice of the filing of an application for motor carrier certificates and permits and for authority to change or extend operations in interstate or foreign commerce under the Interstate Commerce Act "* * * must also be delivered, in person or by registered or receipted mail, to each motor carrier * * *, known to the applicant, with whose service the operations described in such application are or will be directly competitive. * * *"

While plaintiff's first contention is variously stated in the complaint, written brief, and in oral argument, it seems clear that the plaintiff's position in this respect is that it, as a potential competitor, was entitled to formal notice under the Commission's general order; that it did not receive such notice; and that therefore the Commission erred in refusing to grant the petition for rehearing. Plaintiff does not attack the reasonableness of the Commission's general order with respect to notice, but contends that there was no compliance with this order in this case (see Transcript, pp. 73 and 74). In answer to this contention, the defendants argue that there is a material issue of fact as to whether the plaintiff was entitled to notice, and that therefore the motion for summary judgment should be denied on this ground. Plaintiff has neither alleged nor attempted to prove facts bringing him within the provisions of the Commission's general order with respect to notice. It is alleged merely that the plaintiff and other motor carriers had authority which was potentially competitive to that requested and subsequently granted to U. S. A. C. Transport, Inc. It was admitted by counsel for the government, in oral argument, that plaintiff had authority which was potentially competitive, in a limited area. However, it seems clear that a mere showing of potential competition does not satisfy the requirements of the general order of the Commission that notice need be given only

1. Riss & Co., Inc. v. U. S., 1951, 341 U. S. 907, 71 S.Ct. 620, 95 L.Ed 1345, has set at rest the question as to whether a hearing examiner of the Interstate Commerce Commission must be qualified and appointed under the Administrative Procedure Act.

to motor carriers "known to the applicant, with whose service the operations described in such application are or will be *directly* competitive" (emphasis supplied). Certainly, this order contemplates actual rather than potential competition.

■ Although this disposes of plaintiff's first contention, there are other reasons which support the same result. Even if we assume that plaintiff was engaged in direct competition to the applicant, which defendants deny, the result will be the same, since another material issue of fact has been raised by the pleadings, namely, whether the plaintiff had actual notice of the proceedings. Plaintiff argues that it was entitled to formal notice; that whether or not it had actual notice or knowledge is immaterial; and therefore plaintiff did not present any evidence tending to show lack of actual notice. However, we cannot accept this proposition. Section 305(e) requires only that "reasonable" notice shall be afforded interested parties. Therefore, if the efforts to notify summarized in the defendants' answers succeeded in affording actual notice to the plaintiff, then we think this would constitute "reasonable" notice under the statute, and whether plaintiff had formal notice under the general order of the Commission would be immaterial. Certainly, plaintiff, if it had actual notice or knowledge, could not be prejudiced by a failure to receive formal notice. It is our conclusion, therefore, that the issue of fact relating to actual notice is a material one and precludes the granting of a motion for summary judgment. Furthermore, it may be noted that plaintiff had actual notice at a date prior to October 19, 1949, when the petition for rehearing was filed.

Finally, this whole matter concerning notice was presented to the Commission by the petition for rehearing, and, in denying that petition, the Commission ruled adversely to the plaintiff. We cannot say on the record before us that this action by the Commission was arbitrary or capricious. Moreover, plaintiff's only effort to show that it was consists of the mere allegation to that effect. On this point—as indeed on every other factual matter involved in

this case—plaintiff concededly has not met any burden of proof incumbent upon it.

■ Plaintiff's second objection relating to the qualification of the hearing officers remains for disposition. A consideration of the petition for rehearing is important in determining this question. Since this was a petition for rehearing, petitioner was required to comply with the General Rules of Practice of the Commission. Rule 101(b) provides: "(b) *Rehearing or further hearing.* When in a petition filed under this rule opportunity is sought to introduce evidence, the evidence to be adduced must be stated briefly, such evidence must not appear to be cumulative, and explanation must be given why such evidence was not previously adduced."

Rule 101(d) provides: "(d) *Reconsideration.* If relief under this rule other than under subdivisions (b) and (c) is sought, the matters claimed to have been erroneously decided and the alleged errors or relief sought must be specified with the particularity respecting exceptions as outlined in rule 96(a), as should also any substitute finding or other substitute requirement desired by petitioner."

The petition failed to meet the requirements of these rules, at least with respect to the question of the qualifications of the hearing officers. In fact, it gave no hint of the hearing officer question. This issue was raised for the first time in this Court. Clear judicial expression supports the doctrine that failure to raise objections so as to permit consideration thereof by the Commission, bars review of such objections when raised for the first time in a judicial proceeding of this type. In United States v. Hancock Truck Lines, Inc., 1945, 324 U.S. 774, 65 S.Ct. 1003, 89 L.Ed. 1357, the Supreme Court of the United States held that it was manifestly improper for a reviewing court to reverse the Commission's order in respect to a provision therein as to which the suitor had expressly waived objection. Relying on this case, the District Court for the District of Massachusetts held, in General Transportation Co. v. United States, D.C.D.Mass.1946, 65 F.Supp. 981, affirmed per curiam 1946, 329 U.S. 668, 67 S.Ct. 75, 91 L.Ed. 590, rehearing denied 1946, 329

510

U.S. 827, 67 S.Ct. 184, 91 L.Ed. 702, that a point not made before the Commission was not properly before the Court for consideration. In reaching this conclusion, the Court stated 65 F.Supp. at page 984: "To be sure the plaintiffs here, when appearing as protestants before the Commission, did not expressly waive the point they now make, and in this respect the case at bar differs from the Hancock case. Nevertheless the reasoning of that case is applicable, and furthermore, although strictly speaking we are not an appellate court, we in reality are called upon to exercise appellate functions, and from this we think it follows that we should apply general principles applicable on review."

This action is a review, not a *de novo* proceeding, and therefore this Court cannot properly consider matters not raised before the Commission when the plaintiff had a sufficient opportunity to do so.

Although we are not called upon to proceed further, we do note that we have carefully examined the record before the Interstate Commerce Commission to determine whether the order of the Interstate Commerce Commission was void within the meaning of the rule set forth by the Supreme Court of the United States in Interstate Commerce Commission v. Louisville & Nash. R. R., 1913, 227 U.S. 88, at p. 91, 33 S.Ct. 185, 57 L.Ed. 431, and we are satisfied that substantial justice was done on the basis of the record before the Interstate Commerce Commission.

Therefore, the motion for summary judgment will be denied and the orders objected to will be affirmed.