**GATEWAY TRANSPORTATION CO. and American Trucking Associations, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. A. No. 3135.

United States District Court
W. D. Wisconsin.

June 12, 1959.

of Justice, Washington, D. C., for defendants.

Before DUFFY, Circuit Judge, and GRUBB and STONE, District Judges.

**PER CURIAM.**

This is an action to enjoin, annul and set aside the report and order of the defendant, Interstate Commerce Commission, in Docket No. MC–80430 (Sub-No. 81), Gateway Transportation Co., Extension—Camp McCoy, Wisconsin, dated September 19, 1957, insofar as it imposes a five-year limit upon the term of the certificate to be issued to Gateway Transportation Company. The defendant, United States of America, is named a party pursuant to the Judicial Code, 28 U.S.C. § 2322.

In the administrative proceeding the Commission granted, over the protests of competing carriers, the application of the plaintiff, Gateway Transportation Company, hereinafter referred to as Gateway, for a certificate of public convenience and necessity authorizing it to operate as a motor common carrier of explosives between Rockford, Illinois, and Camp McCoy, Wisconsin. In this action the plaintiffs challenge the Commission's action because the authorized certificate will contain a limitation providing that it shall be effective for a period of five years.

Gateway's application for authority to operate as a motor common carrier of Class "A" and "B" explosives between Rockford, Illinois, and Camp McCoy, Wisconsin, was opposed by competing rail carriers. After the hearing, the Joint Board issued its report and recommended an order proposing that the application be granted for a five-year period. The rail carriers filed exceptions to the Joint Board's report on the grounds, among others, that there was a failure to show a need for the proposed service that could not be met by the existing rail carriers. The plaintiffs filed exceptions in regard to the proposed five-year term certificate.

On September 19, 1957, the Commission entered a report and order finding

Joseph E. Ludden, LaCrosse, Wis., for Gateway Transp. Co.

Peter T. Beardsley, Washington, D. C., for American Trucking Ass'ns, Inc.

James A. Murray, Assoc. Gen. Counsel, Interstate Commerce Comm., Wash. D. C., George E. Rapp, U. S. Atty., Western Wis., Madison, Wis., Robert W. Ginnane, General Counsel, Carroll T. Prince, Jr., Interstate Commerce Comm., Washington, D. C., Victor R. Hansen, Asst. Atty. Gen., James H. Durkin, Dept.

that public convenience and necessity required, for a period of five years, the grant of authority applied for by Gateway. The report contained the following statement as to the issue involved:

"Applicant in the title proceeding and the American Trucking Associations, Inc., contend that this Commission is without power to issue certificates for the transportation of explosives limited in time to a five-year period. This matter was considered by the Commission in Riss & Company, Inc., Extension–Explosives, 64 M.C.C. 299, at pp. 324–325, and the record herein does not warrant any exception to the policy there approved. For the reasons stated in the Riss case, a five-year limitation will be imposed on the certificates herein authorized."

Plaintiffs thereafter filed a joint petition for reconsideration of that aspect of the report limiting the certificate to a five-year period. On July 17, 1958, the entire Commission entered an order denying plaintiffs' petition for reconsideration.

This action was commenced September 15, 1958, with the filing of a complaint against the United States and the Commission, which challenges the validity of the five-year limitation. Thereafter, a joint answer was filed by the United States and the Commission, interposing an affirmative defense, and also denying the existence of any error in the action of the Commission.

The statutes involved are:

Section 207 (a) of the Interstate Commerce Act (49 U.S.C.A. § 307 (a) which provides as follows:

"Subject to section 210, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this part and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied: *Provided, however*, That no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations."

Section 208(a) (49 U.S.C.A. § 308(a)) provides:

"Any certificate issued under section 206 or 207 shall specify the service to be rendered and the routes over which, the fixed termini, if any, between which, and the intermediate and off-route points, if any, at which, and in case of operations not over specified routes or between fixed termini, the territory within which, the motor carrier is authorized to operate; and there shall, at the time of issuance and from time to time thereafter, be attached to the exercise of the privileges granted by the certificate such reasonable terms, conditions, and limitations as the public convenience and necessity may from time to time require, including terms, conditions, and limitations as to the extension of the route or routes of the carrier, and such terms and conditions as are necessary to carry out, with respect to the operations of the carrier, the requirements established by the Commission under section 204(a) (1) and (6): *Provided, however*, That no terms, conditions, or limitations shall restrict the right of the carrier to add to his or its equipment and facilities over the routes, between the termini, or within the territory specified in the certificate, as the development of the business and the demands of the public shall require."

The only question before this Court is whether the Commission is empowered under the Interstate Commerce Act to issue a certificate of public convenience and necessity authorizing Gateway to transport explosives for a fixed period of time.

The complaint seeks to have the five-year limitation or condition set aside and the certificate continued in effect as a certificate of indefinite duration.

Plaintiffs contend that a certificate of limited duration is not a conditional one. It was held in Sunray Mid-Continent Oil Co. v. Federal Power Commission, 10 Cir., 239 F.2d 97, 100, that a limitation of time in a certificate is a condition. A certificate which expires by lapse of time at a certain date is one containing a "condition". The condition in the Gateway order is closely related to the required finding by the Commission to public convenience and necessity, as well as to the safety element of the National Transportation Policy, 49 U.S.C.A. preceding section 1.

The Commission's report in the Riss case, in which a similar five-year limitation was involved, discloses that various states and other public bodies were urging strongly that transportation of explosives on the public highways should be entirely prohibited.

The factor of safety in the transportation of explosives by motor carriers was undoubtedly uppermost in the minds of the Commissioners when they considered Gateway's application for a certificate permitting the transportation of explosives. It was not unmindful that the vast number of reckless and incompetent auto drivers, operating all types of vehicles, would be sharing the highways with the carriers of explosives. Closer control over motor carriers transporting explosives was imperative to insure greater safety to the highway travelers. The Commission concluded that unlimited grants of authority should not be issued for the transportation of explosives. The sole purpose of the limitation was to enable it to review a carrier's safety record, when and if a renewal of such operating authority is sought. In this connection, the Commission stated:

"* * * The factor of safety in the transportation of dangerous explosives is an extremely important one, both from the standpoint of this Commission, the carriers involved, and the general public. In view of the rapid expansion in motor transportation of dangerous explosives in recent years, we have given the matter special consideration, and we have worked closely with the Department of Defense to improve our safety regulations and to promote the safe transportation of this traffic. However, we are now convinced, based on the record herein, that the public interest will best be served by a more strict approach to the problem of the safe transportation of dangerous explosives and compliance by the carriers with our safety regulations. To this end we believe that we rightfully may and should issue limited-term certificates and permits to all applicants for authority to transport dangerous explosives. The issuance of such limited-term certificates and permits will enable us to review a carrier's safety record when and if renewal of such operating authority is sought. Conditions requiring motor service in the transportation of explosives change from time to time; and where a need exists today, there may be none for an authorized service at a particular time in the future. Outstanding dormant and unused certificates and permits are undesirable from a regulatory standpoint and are not in the public interest."

On March 16, 1959, there was outstanding a total of approximately 217 limited-term motor common carrier certificates and motor contract carrier permits authorizing the transportation of explosives. Gateway holds one of these, MC–80430 (Sub-No. 64), which was issued on October 11, 1956, and expires October 11, 1961.

Sections 207 and 208 of the Interstate Commerce Act empower the Commission to issue limited certificates for transportation of explosives. The Act gave the Commission administrative discretion to exercise its sound judgment in the innumerable circumstances encountered in its proceedings, and permitted it to draw its own conclusions from the infinite variety of circumstances which may occur in specific instances. It was so held in Powell v. United States, 300 U.S. 276, 57 S.Ct. 470, 81 L.Ed. 643; and in McLean Trucking Co. v. United States, 321 U.S. 67, 64 S.Ct. 370, 88 L.Ed. 544.

The certificate may include such reasonable terms, conditions, and limitations as are necessary for safe operation of motor carriers on our highways, and the insertion of the limitation in Gateway's certificate was clearly within the statutory power of this Administrative Agency. Sec. 208(a), 49 U.S.C.A. § 308(a).

If a rational basis exists for the conclusion reached and approved by the Commission, the Courts cannot inquire into the wisdom or soundness of its reasoning. We are limited to a determination of the question whether the statute authorized the Commission to issue the limited-term certificate.

The order limiting the certificate to five years is not unreasonable, arbitrary, capricious or discriminatory, nor is it an abuse of discretion of the Commission. It is an order that promotes the public interest and public safety on our highways.

Issuance of the limited certificate herein does not violate the provisions of the National Transportation Policy for fair and impartial regulations of all modes of transportation by imposing this burden of filing application every five years for renewal of its certificate. The practical difference between railways transporting explosives on their own right-of-ways and motor carriers transporting explosives on public highways is readily apparent, notwithstanding the Commission's comment that transportation of explosives by railroads and by highway carriers was equally safe. The few railroad wrecks each year seem insignificant when compared to the vast number of automobile collisions that occur daily throughout this nation, resulting in a tremendous loss of life, personal injuries, and destruction of property, due to the heavy motor traffic on our highways, which traffic will surely increase from year to year.

Transportation of explosives for the use of the Government is in the interest of public defense, and it is but reasonable to assume that there would be no unnecessary delay in the hearing of an application for such a certificate, notwithstanding plaintiffs claim that there will be such delay. An application for an extension of the period permitting transportation of explosives should and undoubtedly would be given priority on the Commission's calendar.

Plaintiffs contend that by recommending that Congress specifically authorize the Commission to issue certificates of limited duration, the Commission has admitted that it presently lacks such power. This contention may be disposed of by reference to what the United States Supreme Court held in Wong Yang Sung v. McGrath, 339 U.S. 33, 47, 70 S.Ct. 445, 453, 94 L.Ed. 616, which reads as follows:

"* * * we will not draw the inference, urged by petitioner, that an agency admits that it is acting upon a wrong construction by seeking ratification from Congress. Public policy requires that agencies feel free to ask legislation which will terminate or avoid adverse contentions and litigations * * *".

The action of the Commission in the Riss case was the general statement of a policy and not the adoption of a rule requiring notice and an opportunity for the opposition to be heard.

Section 207(a) of the Act (49 U.S.C.A. § 307(a)) provides that:

" * * * a certificate shall be issued to any qualified applicant therefor * * * if it is found that the applicant is fit, willing, and able properly to perform the service proposed * * * that the proposed service * * * is or will be required by present or future public convenience and necessity; otherwise such application shall be denied: * * * "

No standard or norm, other than that found in the Act, is indicated for the exercise of this administrative function by the Commission. The Commission is left to exercise its sound judgment in the variety of circumstances encountered in the consideration of applications for certificates. It has been endowed with a wide discretion in such proceedings. The Supreme Court in Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 1492, 89 L.Ed. 2051, said in this regard:

"Public convenience and necessity is not defined by the statute. The nouns in the phrase possess connotations which have evolved from the half-century experience of government in the regulation of transportation. * * * The purpose of Congress was to leave to the Commission authoritatively to decide whether additional motor service would serve public convenience and necessity. Cf. Powell v. United States, 300 U.S. 276, 287, 57 S.Ct. 470, 476, 81 L.Ed. 643. This, of course, gives administrative discretion to the Commission, cf. McLean Trucking Co. v. United States, 321 U.S. 67, 87–88, 64 S.Ct. 370, 380, 381, 88 L.Ed. 544, to draw its conclusion from the infinite variety of circumstances which may occur in specific instances."

Section 208(a) of the Act (49 U.S.C.A. § 308(a)) provides in unambiguous language that there shall be attached "to the exercise of the privileges granted by the certificate such reasonable terms, conditions, and limitations as the public convenience and necessity may * *

require". This is a definite grant of power and the Commission has wide discretion in the exercise thereof as it does under Section 207(a).

The National Transportation Policy requires that all provisions of the Act be administered to promote "safe, adequate, economical and efficient service."

The Courts have given a wide scope to the Commission's express powers under the Act to impose conditions which implement the broad purposes of the Congress. United States v. Lowden, 308 U.S. 225, 60 S.Ct. 248, 84 L.Ed. 208.

■ The Commission's powers under Sections 207 and 208 may be used to implement the objectives of the National Transportation Policy, and must be so used. United States v. Rock Island Motor Transit Co., 340 U.S. 419, 433–442, 71 S.Ct. 382, 95 L.Ed. 391; Schaffer Transportation Co. v. United States, 1957, 355 U.S. 83, 78 S.Ct. 173, 2 L.Ed. 2d 117.

In this case as in the Riss case, the Commission has determined that public convenience and necessity requires the issuance of certificates with a specific time limitation for the transportation of explosives, to enable the Commission to periodically review the carriers' safety records.

The limitation on the certificate in no way interferes with or restricts Gateway's operations in its transportation of other property.

Plaintiffs contend that the Commission's policy of issuing limited term certificates for the transportation of explosives is a "rule" within the definition of Section 2(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1001(c), and was formulated without compliance with the notice and procedure requirements of Section 4 of that Act, 5 U.S.C.A. § 1003.

Section 2(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1001(c) defines "rules" as follows:

" 'Rule' means the whole or any part of any agency statement of general or particular applicability and

future effect designed to implement, interpret or prescribe law or policy."

■ Plaintiffs failed to raise any such issue in their petition for reconsideration by the entire Commission and should not be permitted to do so for the first time in this Court.

■ The scope of the judicial review is not to go beyond the issues contained in the petition for reconsideration. This principal was stated by the Supreme Court in United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 36, 37, 73 S.Ct. 67, 68, 97 L.Ed. 54:

"We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. * * * Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

Failure of Gateway to assert or claim in its petition for reconsideration amounts to an abandonment of the point. Compare United States v. Hancock Truck Lines, 324 U.S. 774, 778, 779, 780, 65 S. Ct. 1003, 89 L.Ed. 1357.

■ However, it is clear to this Court that the application of the policy pronounced in the Riss case, and followed in Gateway, was not the enactment of a "rule" as defined by statute.

This Court may not inquire into the soundness of the Commission's reasoning or into the wisdom of its decisions. Georgia Public Service Comm. v. United States, 283 U.S. 765, 775, 51 S.Ct. 619, 75 L.Ed. 1397.

The extent of judicial review is limited as stated in Mississippi Valley Barge Line Co. v. United States, 292 U. S. 282, 286, 54 S.Ct. 692, 694, 78 L.Ed. 1260:

"The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body."

The Commission has determined that public convenience and necessity requires the issuance of the certificate to Gateway, with a specific limitation for the transportation of explosives, to enable it to periodically inspect Gateway's records for safety. It was empowered by statute to do so. Its issuance violated no statute. The Commission's order is valid and defendant is entitled to judgment dismissing plaintiffs' complaint, with costs.