**A. L. ROOT TRANSPORTATION, INC., Michael Zaluzny, Raymond H. Puffer, Inc., and Decato Bros. Trucking Co.**

**v.**

**The UNITED STATES of America and the Interstate Commerce Commission**

**and**

**Hanson Savage d/b/a Savage Trucking Company, Intervenor.**

**Civ. A. No. 4916.**

United States District Court
D. Vermont.

Feb. 6, 1968.

Robert H. Gibson, of Gibson & Gibson, Brattleboro, Vt., and Arthur M. Marshall and David M. Marshall, Springfield, Mass., for A. L. Root Transportation, Inc., Michael Zaluzny, Raymond H. Puffer, Inc., and Decato Bros. Trucking Co.

Edwin M. Zimmerman, Acting Asst. Atty. Gen., John H. D. Wigger, Dept. of Justice, Washington, D. C., and Joseph F. Radigan, U. S. Atty., District of Vermont, for the United States.

Robert W. Ginnane, and Jerome Nelson, I.C.C., Washington, D. C., for the I.C.C.

Frederick J. Glover, Ludlow, Vt., for Hanson Savage d/b/a Savage Trucking Company.

Before WATERMAN, Circuit Judge, and CLARIE and LEDDY, District Judges.

LEDDY, District Judge.

## STATEMENT OF FACTS

On September 21, 1966, a joint application was filed with the Interstate Commerce Commission whereby Hanson M. Savage doing business as Savage Trucking Company of Chester Depot, Vermont, sought authority from the Commission to acquire all of the operating rights of Aubrey E. Stratton doing business as E. A. Stratton and Son, West Townshend, Vermont, as described in certificate of public convenience and necessity number MC–94937.

The application stated that the transferee owned, leased, controlled or normally operated seven tractors and ten full trailers and the transferor ten trucks. The application further stated that the transferor was conducting operations under the operating rights involved in the transfer. The total consideration for

the proposed transfer was $2,500, to be paid upon its consummation.

The application also provided certain information regarding the financial condition and extent of operations of the transferee and the following paragraph appeared on page 2 immediately preceding the signature of the applicants:

Each person by whom this application is signed certifies that the representations appearing in said application and exhibits attached thereto (including any accompanying schedules or statements) are, to the best of his knowledge and belief, true, correct and complete, based on all the information required to be included therein, of which he has any knowledge, and these representations are made in good faith.

On October 27, 1966, the application for transfer was approved *ex parte* by the Interstate Commerce Commission, Transfer Board, notice to the parties was given November 4, 1966, and the order was published in the Federal Register November 5, 1966, to become effective November 30, 1966.

The transfer was consummated by the parties on December 5, 1966. At the time of the Commission's order, it had before it the transferor's financial statement dated August 1, 1966, covering the calendar year 1965, showing total operating revenue from motor carrier operations of $95,355.29.

By petition for reconsideration received by the Commission on February 6, 1967, some 68 days after the effective date of its order, A. L. Root Transportation, Inc., Brattleboro, Vermont, Michael

Zaluzny, Vernon, Vermont, Raymond H. Puffer, Inc., Brattleboro, Vermont, and Decato Bros. Trucking Co., Lebanon, New Hampshire, all competing carriers, requested the Commission to waive the time provisions of Rule 1.225(e),[1] moved for a stay of the order of October 27, 1966, and requested an oral hearing on the ground that the evidence in the case could not reasonably be submitted in affidavit form because "the burden of proof in connection with the past operations of the proposed Transferor and the fitness of the proposed Transferee rests upon the Applicants and cannot be properly and effectively counteracted without cross-examination."

In their petition, plaintiffs alleged upon information and belief that the transferred operating rights had been dormant within the meaning of 49 C.F.R. § 179.5(b) [2] and were thus not susceptible of transfer. This allegation was unsupported by evidence.

On April 12, 1967, Division 3 of the Commission, acting as an Appellate Division, granted the requested waiver of Rule 1.225(e) and, in the same order, denied the plaintiffs' petition in all other respects on the ground, that:

the petition sets forth no facts or arguments which were not previously considered by the Board or which would establish that the transfer was not properly approved under the Rules and Regulations Governing Transfers of Rights to Operate as a Motor Carrier in Interstate or Foreign Commerce, 49 C.F.R. Part 179, including Section 179.5(b) thereof; and that an oral hearing is not necessary.

---

1. 49 C.F.R. § 1.225(e) provides that such petitions for reconsideration must be filed within twenty days following publication of the order in the Federal Register.

2. 49 C.F.R. § 179.5(b):
   *Cessation of operations.* The mere cessation of operations by the holder of an operating right shall not be deemed to require denial of the proposed transfer of such right. If, however, a cessation of operations has occurred, which

fact shall be stated in the application, and operations have not been conducted under the considered rights for a substantial period of time, the proposed transfer will be denied unless the holder shows that such discontinuance was caused by circumstances over which he had no control. The Commission may require, in an appropriate case, proof of the nature and extent of operations conducted under the operating right for a period of 6 months preceding the date of the request for such evidence.

On April 21, 1967, the Commission issued a certificate of public convenience and necessity number MC–127616 sub. 5 to Hanson M. Savage doing business as Savage Trucking Company which incorporated all of the operating authority and rights formerly held by A. E. Stratton and Son under certificate number MC–94937.

By complaint filed in the United States District Court for the District of Vermont on July 13, 1967, the plaintiffs petitioned this Court to enjoin permanently, set aside, annul and suspend the order of the Interstate Commerce Commission of April 12, 1967, and for such other and further relief as may be proper including, as indicated in oral argument, a remand of the matter to the Commission for hearing and oral argument. Savage Trucking Company's petition to intervene was granted and the matter came on for hearing before a Three-Judge Court in Brattleboro, Vermont, on December 21, 1967.

### STATEMENT OF LAW

The jurisdiction of this Court is founded upon the provisions of the following titles and sections of the United States Code: 5 U.S.C. §§ 701–706; 28 U.S.C. §§ 1336, 1398, 2284 and 2321 through 2325; and 49 U.S.C. §§ 17(9) and 305(g).

The plaintiffs contend:

(a) That the Commission erred in failing to schedule an oral hearing upon the petition for reconsideration;

(b) That the Commission's order of April 12, 1967, was unsupported by basic findings and that the Commission's conclusion that the transfer was properly approved under its rules and regulations was unsupported by substantial evidence, both in violation of the Administrative Procedure Act;

(c) That if the transfer order was warranted, the Commission erred in failing to impose commodity and territorial restrictions.

Plaintiffs failed to request number (c) in their original petition to the Interstate Commerce Commission. Failure to raise this issue before the Commission precludes the plaintiffs from raising it for the first time in this proceeding. Studna v. United States, 225 F.Supp. 973 (W.D.Mo.1964). Thus, plaintiffs' last contention is not properly before us for consideration and they are deemed to have abandoned it. Gateway Transportation Co. v. United States, 173 F.Supp. 822 (W.D.Wis.1959).

We must determine whether in this factual context the Commission erred in failing to grant an oral hearing upon plaintiffs' petition for reconsideration. The provisions of the Administrative Procedure Act governing hearings, findings and substantial evidence apply only when a hearing is required. In this case, the requirement of a hearing must have as its source the Interstate Commerce Act, a rule or regulation promulgated pursuant thereto, or the due process clause of the United States Constitution.

Section 212(b) of the Interstate Commerce Act, 49 U.S.C. § 312(b) provides that:

Except as provided in section 5 of this title, any certificate or permit may be transferred, pursuant to such rules and regulations as the Commission may prescribe.

The Section 5 reference (49 U.S.C. § 5 (2)) provides stringent requirements for certain unifications, mergers or acquisitions of control of two or more carriers.

However, 49 U.S.C. § 5(10) exempts from the operation of Section 5(2) certain small transfers. The intent of Congress in enacting the Section 5 (10) exemption was "to provide a means whereby such transfers could be effected easily and without delay under such rules as the Commission deemed appropriate." Atwood's Transport Line-Lease-John A. Clarke, 52 M.C.C. 97, 107 (1950).

It is undisputed that the instant transfer is within the Section 5(10) exemption. Thus, the sole governing statute is Section 312(b) and the rules and regulations pursuant thereto. United States

v. Resler, 313 U.S. 57, 61 S.Ct. 820, 85 L.Ed. 1185 (1941); Ship-By-Truck Company v. United States, 208 F.Supp. 847 (D.Kan.1962), aff'd per curiam, 373 U.S. 376, 83 S.Ct. 1312, 10 L.Ed.2d 420 (1963).

The rules and regulations of the Commission have been promulgated in 49 C.F.R. Part 179. These provide that transfers within the Section 5(10) exemption shall be approved upon application if the proposed transferee is willing and able to perform the service authorized under the transferred operating rights and to conform to the provisions of the Interstate Commerce Act and the Commission's rules and regulations thereunder.[3] Cessation of operating rights by the transferor (dormancy) may be a ground for denial of the transfer.[4]

■ Neither the Interstate Commerce Act nor the rules and regulations pursuant thereto requires a hearing upon the initial application for a transfer within the Section 5(10) exemption and it may be approved *ex parte*. Chemical Leaman Tank Lines, Inc. v. United States, 251 F.Supp. 269 (E.D.Pa.1965). "(T)he Congress evidently thought the public concern to be too slight to demand the close scrutiny of a full dress inquiry." Brooks Transportation Company et al. v. United States, 12 F.Carr.Cas. 50158, 50160 (E.D.Va.1957).

But after notice of an order approving a transfer, an interested person may file a petition for reconsideration. If the petition contains a request for oral hearing, the request must be supported by an explanation as to why the evidence sought to be presented cannot reasonably be submitted in affidavit form.[5]

■ Petitions for reconsideration and requests for oral hearings are addressed to the sound discretion of the Commission and a reversal of the Commission's order denying them, can only be based upon a clear showing of an abuse of discretion. Carolina Scenic Coach Lines v. United States, 59 F.Supp. 336 (W.D.N.Car.1945), aff'd per curiam, 326 U.S. 680, 66 S.Ct. 37, 90 L.Ed. 398 (1945); Yourga v. United States, 191 F.Supp. 373 (W.D.Pa.1961); Shein v. United States, 102 F.Supp. 320 (D.N.J. 1951), aff'd per curiam, 343 U.S. 944, 72 S.Ct. 1043, 96 L.Ed. 1349 (1952). Here the Commission's discretion was exercised in denying the petition for reconsideration and the request for oral hearing but there is nothing to show that it was abused. Plaintiffs' explanation as to why the evidence sought to be presented could not be reasonably submitted in affidavit form is not sufficiently compelling to justify vacating the Commission's order. Plaintiffs' allegations regarding the dormancy of the transferred operating rights were based entirely upon information and belief but, with due diligence, could have been supported by affidavits or documents if dormancy existed. Mere allegations in a petition for reconsideration unsupported by evidence are insufficient to create the necessity for a hearing of any kind. Lincoln Transit Co. v. United States, 256 F.Supp. 990 (S.D.N.Y.1966).

■ Dormancy of itself will not preclude a transfer of operating rights.[6] In view of the fact that the transferor stated under penalty of law that he owned, leased or controlled at least ten trucks and that he was conducting operations under the rights involved and, with no concrete evidence to the contrary, no abuse of discretion has been shown by the Commission's failure to hold a hearing on plaintiffs' claim of dormancy.

The Commission's regulations governing the approval of small transfers and petitions for reconsideration thereof are reasonable in light of the Congressional purpose of expediting such transfers. To require the Commission to hold a hearing every time a naked allegation of dormancy is made would seriously frustrate this Congressional purpose.

3. 49 C.F.R. § 179.3.

4. Supra note 2.

5. 49 C.F.R. § 179.4; 49 C.F.R. § 1.225(e).

6. Supra note 2.

Plaintiffs also contend that the Commission's denial of their request for an oral hearing deprived them of due process of law—a contention they have not elaborated upon. As was said in the *Brooks* case, supra, "prior notice of, and participation in, the small transfer proceeding need be accorded only to the immediate parties. If other persons are not entitled to take part originally, they would not logically be entitled *as of right* to subsequent participation * * *." Brooks Transportation Company et al. v. United States, supra, p. 50160. (Emphasis supplied).

The mere fact that plaintiffs may possibly suffer some pecuniary loss as a result of the Commission's approval of the transfer is not sufficient to show deprivation of property in violation of the Fifth Amendment. As Judge Dobie said in Seaboard Airline Railroad Company v. United States, 131 F.Supp. 129, 136 (E.D.Va.1954), aff'd, per curiam, 349 U.S. 902, 75 S.Ct. 579, 99 L.Ed. 1239 (1955), "(t)he mere fact that an order of the Commission adversely affects the economic interests of a carrier is, of course, no ground for denying the validity of the order." Plaintiffs have no right to the exclusive use of the highways over which they are authorized to operate. Anderson Motor Service v. United States, 151 F.Supp. 577 (E.D.Mo.1957).

Apparently plaintiffs fear that they will face increased competition as the result of the Commission's approval of the instant transfer but freedom from competition is not constitutionally protected. Law Motor Freight, Inc. v. C. A. B., 364 F.2d 139 (1 Cir. 1966), cert. denied, 387 U.S. 905, 87 S.Ct. 1683, 18 L. Ed.2d 622 (1967).

Neither Section 212(b) of the Interstate Commerce Act, 49 U.S.C. § 312(b), nor due process requires a hearing upon this petition for reconsideration, or any oral presentation thereon. Moreover, the Administrative Procedure Act requires a hearing only "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing * *." 5 U.S.C. § 554(a).[7] The Supreme Court, in discussing the history and interpretation of that section, has indicated that the statutory language was meant to exempt cases such as the present one from the application of that section:

> We think that the limitation to hearings "required by statute" in § 5 of the Administrative Procedure Act exempts from that section's application only those hearings which administrative agencies may hold by *regulation,* rule, custom, or special dispensation; not those held by compulsion * * *.
>
> They exempt hearings of less than statutory authority, not those of more than statutory authority. Wong Yang Sung v. McGrath, 339 U.S. 33, 50, 70 S.Ct. 445, 454, 94 L.Ed. 616 (1950). (Emphasis supplied).

This interpretation has been followed by the lower courts in dealing with 49 U. S.C. § 312(b) proceedings because, as was noted supra, the Interstate Commerce Act and the rules and regulations pursuant thereto do not demand a hearing in a 49 U.S.C. § 312(b) proceeding. See Lincoln Transit Co. v. United States, supra 256 F.Supp. at 993–994; Chemical Leaman Tank Lines v. United States, supra 251 F.Supp. at 273. Hence the Administrative Procedure Act does not apply in the present case.

The Commission's order is affirmed and the plaintiffs' action is dismissed.

---

7. The other sections of the Administrative Procedure Act which are relevant here, namely 5 U.S.C. §§ 556(a) and 557(a), apply only to hearings which 5 U.S.C. § 554(a) requires to be conducted pursuant to those sections. See Lincoln Transit Co. v. United States, supra, 256 F.Supp. at 993. Of course if 5 U.S.C. § 554(a) does not require a hearing to be held in the present case, the other two sections are equally inapplicable here.