Haywood WASHUM et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. Civ. 6886.

United States District Court
D. Arizona.

April 1, 1969.

---

Richard A. Wilson, of Lutich, D'Angelo & Wilson, Phoenix, Ariz., for plaintiffs, Robert E. Joyner, of Wrape & Hernly, Memphis, Tenn., of counsel.

John N. Mitchell, U.S. Atty. Gen., Edwin M. Zimmerman, Asst. Atty. Gen., John H. D. Wigger, Atty., Washington D. C., Richard C. Gormley, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

Robert W. Ginnane, Gen. Counsel, Nahum Litt, Atty., Washington, D. C., for Intervenor I.C.C.

Russell & Schureman, Los Angeles, Cal., Twitty, Sievwright & Mills, Phoenix, Ariz., for intervenor Freight Lines.

Before JERTBERG and BROWNING, Circuit Judges, and CRAIG, District Judge.

ORDER

PER CURIAM.

Plaintiffs' motion for leave to amend the complaint and to adduce additional evidence is denied. The issue which plaintiffs seek to present was not submitted to the Commission, and may not be raised for the first time in this court. United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54 (1952); United States v. Capital Transit Co., 338 U.S. 286, 291, 70 S.Ct. 115, 94 L.Ed. 93 (1949); United States v. Hancock Truck Lines, 324 U.S. 774, 778–780, 65 S.Ct. 1003, 89 L. Ed. 1357 (1945); Neisloss v. Bush, 110 U.S.App.D.C. 396, 293 F.2d 873, 880 (1961). Moreover, with exceptions not applicable here, our review of the Commission's order is limited to the record presented to the Commission. Interstate Investors, Inc. v. United States, 287 F. Supp. 374, 385–386 (S.D.N.Y.1968), affirmed 393 U.S. 479, 89 S.Ct. 707, 21 L. Ed.2d 687 (1969).

Based upon our examination of the record before the Commission in the light of the authorities cited by the parties, we are satisfied that the Commission followed the law and that its findings are supported by substantial evidence, including inferences reasonably drawn therefrom. We would not be warranted in overturning the Commission's orders simply because there is also substantial evidence in the record which would have supported findings favorable to the plaintiffs. Consolo v. Federal Maritime Comm., 383 U.S. 607, 619–621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); Illinois Central R.R. v. Norfolk & Western R.R., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966). Accordingly, the complaint is dismissed, and the temporary restraining order heretofore entered is vacated.