**BEAUFORT TRANSFER COMPANY,**
**Plaintiff,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants,**

**and**

**Burggrabe Truck Lines, Inc., et al.,**
**Intervening Defendants.**

**No. 73 C 369(1).**

United States District Court,
E. D. Missouri, E. D.
March 13, 1974.

Thomas F. Kilroy, Springfield, Va., Wm. J. Tate, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiff.

Donald J. Stohr, U. S. Atty., St. Louis, Mo., John H. D. Wigger, Atty., Dept. of Justice, H. G. Homme, Jr., Atty., I. C. C., Washington, D. C., Gregory M. Rebman, St. Louis, Mo., for defendants.

Before MATTHES, Circuit Judge, and MEREDITH and REGAN, District Judges.

MEREDITH, District Judge.

Plaintiff Beaufort Transfer Company seeks to suspend, enjoin, set aside, and annul Interstate Commerce Commission orders of November 20, 1972, and April 18, 1973, (order denying petition for reconsideration) by which plaintiff was directed to cease and desist certain motor carrier operations. A three-judge court, convened pursuant to 28 U.S.C. § 2325, heard argument on December 13, 1973.

Plaintiff Beaufort Transfer Company had a certificate of public convenience issued to it by the Commission to transport general commodities, with certain exceptions, between St. Louis, Missouri, and Linn, Missouri, over a route from St. Louis over Missouri Highway 100 to its junction with U. S. Highway 50 and thence over U. S. Highway 50 to Linn, serving all intermediate points. The Superhighway Rules would allow plaintiff Beaufort Transfer Company to use Interstate Highway 70, with certain limitations, in the conduct of these operations. The Superhighway Rules, 49 C.F.R. 1042.3, read in pertinent part:

"§ 1042.3 *Superhighway rules—motor common carriers of property.*

(a) *Regular-route, general-commodity certificates—construction.* All certificates of public convenience and necessity authorizing the transportation of general commodities, with or without exceptions, over a regular service route or routes, issued by the Commission pursuant to the provisions of part II of the Interstate Commerce Act, shall be construed as authorizing operations over superhighways as defined below (including highways connecting such superhighways with the carrier's authorized regular service route or routes) between the point of departure from and the point of return to the carrier's authorized regular service route or routes, provided that either (1) the superhighway route (including highways connecting such superhighway route with the carrier's authorized regular service route or routes) between the point of departure from and the point of return to the carrier's authorized regular service route or routes (i) extends in the same general direction as the authorized service route or routes and (ii) is wholly within 25 airline miles of the carrier's authorized regular service route or routes, or (2) the distance over the superhighway route (including highways connecting such superhighway route with the carrier's authorized regular service route or routes) between the point of departure from and the point of return to the carrier's authorized regular service route or routes is not less than 85 percent of the distance between such points over the carrier's authorized regular service route or routes."

Beaufort asked for and obtained an informal opinion from an ICC attorney that the use of I–70 would be permissible under the Superhighway Rules. This informal opinion is not binding on the Interstate Commerce Commission.

A complaint was filed with the Interstate Commerce Commission by ten truck lines alleging Beaufort was using Interstate Highway 70 in violation of the Superhighway Rules. The Commission agreed and issued a cease and desist order. The reason given was that the distance traveled over the road connecting Interstate Highway 70 with Beaufort Transfer Company's regular route was over twenty percent of the total distance. This was the application of the so-called twenty-percent "rule of thumb" of the Interstate Commerce Commission, first printed in Property Motor Carrier Superhighway Rules, 117 M.C.C. 119, 149 (1972). The rationale for this rule is that the use of the connecting road was only to be incidental to the use of the Superhighway, and not constitute a substantial part of the route.

The plaintiff argues that the twenty-percent rule of thumb was not published in the Federal Register according to statute and further that it was applied arbitrarily to plaintiff. Neither of these contentions was presented to the Interstate Commerce Commission

The Government argues that the plaintiff cannot raise these challenges to the twenty-percent rule of thumb by not first raising it in the administrative proceedings. This argument must prevail. This question could have been brought before the Commission and was not. It cannot now be raised to this Court, Washum v. United States, 299 F. Supp. 712 (Ariz.1969); Denton Produce, Inc. v. United States, 270 F.Supp. 402 (W.D.Okl.1967). This Court may not set aside or modify orders of the Commission, if they are within statutory authority and predicated upon adequate findings based on substantial evidence, Denton Produce, Inc. v. United States, supra; Trailways of New England, Inc. v. United States, 235 F.Supp. 509 (D.C. D.C.1964). The evidence in this case shows that the Commission relied upon a rule of thumb that had been used and published in the past for their decision. This rule of thumb was not challenged before the Commission and so cannot be raised here.

This Court, based upon examination of the record before the Commission and the authorities cited, would not be warranted in overturning the Commission's order. The decision of the Interstate Commerce Commission will be affirmed and the complaint will be dismissed with prejudice.