On May 18, 1979 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Bennett, Judge.
Plaintiffs are the holders of bonds issued by the city of East St. Louis, Illinois, for the refunding and improvement of the Martin Luther King Bridge, formerly known as the *667 Veterans Memorial Bridge, a toll facility extending across the Mississippi River from East St. Louis to St. Louis, Missouri. Under the terms of a trust agreement between the city and the bondholders, the principal and interest were to be paid largely from revenues generated by tolls collected from those using the bridge. The city, owner of the bridge, adopted an ordinance on February 8, 1956, providing that until the bonds and interest thereon had been paid the city would not construct or permit to be constructed, within the city limits, a bridge which would divert traffic from the King Bridge and, thus, decrease its revenues. The ordinance incorporated the trust agreement by reference.
Plaintiffs now claim that a new free bridge, the Poplar Street Bridge, opened in November 1967 near the King Bridge and connected to the interstate highway system, was responsible for diminished use of the latter and caused default of the bonds in 1974. Plaintiffs blame defendant[1] for encouraging and assisting the city and the State of Illinois in the construction of the new bridge and allege that defendant’s actions along with those of the city and state constituted a taking of their property without just compensation in violation of the fifth amendment and in violation of numerous statutory requirements. They seek $110,000 in individual damages and $7,250,000 as damages for class members, plus interest, costs, expenses, and attorney fees for each of the seven counts.
The case is before us on motions for summary judgment filed by both parties. Defendant asserts a lack of jurisdiction in this court to grant the relief requested, raises both the statute of limitations and laches as defenses, and denies a taking. We address the latter issue which is dispositive in defendant’s favor. It is therefore unnecessary to reach the other contentions of the parties.
In a closely related case brought by bondholders, in the Eastern District of Missouri against the United States and several federal, state, and city officials of Missouri and *668 Illinois, inverse condemnation was also an issue. The district court decision, adverse to those plaintiffs, was affirmed by the United States Court of Appeals for the Eighth Circuit. Jackson Sawmill Co. v. United States, 428 F. Supp. 555 (1977), aff’d, 580 F. 2d 302 (1978), cert. denied, 439 U.S. 1070 (1979). The court rejected the fifth amendment claim because it said that plaintiffs did not have a constitutionally protected property right against the diversion of highway traffic, that defendant took nothing directly or indirectly which belonged to plaintiffs, and that the fifth amendment does not cover consequential injuries resulting from the exercise of lawful power. The court further ruled that it makes no difference whether the claimed interest is labeled as a franchise, easement, lien, or contract right, and that it was nothing more than a covenant issued by the city of East St. Louis. The United States acquired no property interest from plaintiffs. We think that the Eighth Circuit in Jackson Sawmill Co. was right. Plaintiffs have given us no authority for the proposition that a contractual agreement such as they hold entitles them to an interest in property, and we know of none. Plaintiffs cannot convert an agreement by the city into a covenant running with all the land within the city. None of plaintiffs’ agreements with the city had any connection with ownership in the property to which plaintiffs now claim their covenants attached. This is not the way an interest in real property running with the land is created.
The fact that lawful Government action injures or even destroys property or a business does not convert that action into a constitutional taking. "Frustration and appropriation are essentially different things.” Omnia Comm’l Co. v. United States, 261 U.S. 502, 513 (1923). Consequential damages may be very real indeed, but not compensable under the Constitution. Hartwig v. United States, 202 Ct.Cl. 801, 809, 485 F. 2d 615, 619-20 (1973); Southern Counties Gas Co. v. United States, 141 Ct. Cl. 28, 157 F. Supp. 934, cert. denied, 358 U.S. 815 (1958). Not every deprivation of use, possession, or control of property is a taking. There must be an intent to take, and the actions of the Government on which a taking claim is premised must be authorized either expressly or by implication, by some *669 valid act of Congress. Sun Oil Co. v. United States, 215 Ct. Cl. 716, 572 F. 2d 786 (1978). there is no constitutional right to be free of competition or to enjoy a monopoly over traffic. Law Motor Freight, Inc. v. CAB, 364 F. 2d 139 (1st Cir. 1966), cert. denied, 387 U.S. 905 (1967); A. L. Root Transp., Inc. v. United States, 280 F. Supp. 152, 157 (D.C. Vt. 1968). Nor are alleged anticipated profits protected by the just compensation clause. United States v. General Motors Corp., 323 U.S. 373, 379-80 (1945); Mosca v. United States, 189 Ct. Cl. 283, 290, 417 F. 2d 1382, 1386 (1969). cert. denied, 399 U.S. 911 (1970); R.J. Widen Co. v. United States, 174 Ct. Cl. 1020, 1029, 357 F. 2d 988, 994 (1966). Plaintiffs’ only property rights here were in their bonds which were not taken by the United States. The independent exercise of its powers by a local government cannot be converted into a taking by the Federal Government. Garden Constr. Co. v. United States, 191 Ct.Cl. 372, 423 F. 2d 273 (1970).
it is therefore ordered, upon consideration of the motions and briefs, without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs’ motion for summary judgment is denied. The petition is dismissed.

 Plaintiffs have named as defendants the United States, the Secretary of Transportation, and the Secretary of Defense. The jurisdiction of the Court of Claims is confined to suits for money damages against the United States. 28 U.S.C. § 1491. The claims against the Secretaries are therefore dismissed as not within our jurisdiction. Bogart v. United States, 209 Ct. Cl. 208, 531 F. 2d 988 (1976).