## HALL v. WATERS.

### Opinion delivered May 10, 1915.

1. PLEADING AND PRACTICE—DEMURRER—JUDGMENT FOR COSTS—FINAL JUDGMENT.—Where appellant rested upon his demurrer to the answer, refusing to proceed further, allowing judgment for costs to be entered against him, the judgment was tantamount to a final determination on the issue of law deciding the merits of the case, and was a final judgment from which the appellant could prosecute his appeal and thereby test the ruling of the court on his demurrer.

2. PLEADING AND PRACTICE—DEMURRER TO ANSWER.—Where the answer is sufficient to challenge plaintiff to the proof of the allegations of his complaint, and the plaintiff demurred to the answer, refusing to make proof of the allegations in his complaint, it is proper for the court to overrule the demurrer, to dismiss plaintiff's cause of action, and to render final judgment against him for costs.

Appeal from Garland Circuit Court, *Calvin T. Cotham,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellant instituted this suit against the appellees, alleging that he was the owner of part of a lot in the city of Hot Springs, Arkansas, and that while he was engaged in putting in a plate glass front in

the building thereon, in December, 1911, the appellees unlawfully entered upon the lot and forcibly removed the plate glass front and wilfully and negligently destroyed the same, to appellant's actual damage in the sum of $200.00, and that by reason of the willful and unlawful trespass appellees were liable to him in treble damages. He therefore prayed for judgment in the sum of $600.00.

The appellees answered, denying specifically each of the allegations of appellant's complaint. They allege that during the month of December, 1911, appellees were officers of the city of Hot Springs; that appellee Waters, Mayor, and appellee Redding, Chief of the Fire Department, constituted two of the three members of the building committee, whose duty it was to pass on applications for permits to build or repair buildings within the boundaries of the fire limits of the city; that appellant's lot was within the fire limits; that on the .... day of December, 1911, one W. H. Hall requested appellee Waters for a permit to install a glass window in the building in controversy, and represented that the installation did not require a change in any part of the building except the removal of the glass front then in the building and the installation of a plate glass instead; that no wood or other inflammable material would be used and that the fire risk would not in any manner be increased; that relying upon the truthfulness of the statements of W. H. Hall, appellee Waters, who was mayor of the city, issued a permit for the change in the glass front. They alleged that W. H. Hall used said permit as a license to remove certain walls, partitions and a stairway and to enlarge the building by the use of wooden walls and partitions, and changed the stairway and added an entirely different frame for the front, that this was done before the appellees were apprised thereof; that these acts were done in the night time and in direct violation of the ordinance of the city and of the permit; that as a result of the unlawful acts of W. H. Hall, appellees caused his arrest, and upon trial before the police court he was fined in the sum of $25.00; that he appealed

and immediately continued with the work of enlarging the building and violating the ordinances of the city, and was again arrested and fined in the police court; that appellant J. H. Hall, and W. H. Hall thereupon agreed with appellees and the police judge that W. H. Hall would surrender the permit and not further prosecute the improvements or repairs until it could be determined between the parties whether or not the acts of J. H. Hall were in violation of the fire ordinances; that notwithstanding said agreement and surrender and cancellation of the permit W. H. Hall further undertook to prosecute the work in the night time and to complete the same until he was again arrested by the police; that appellees, as officers of the city, and acting as such, removed only that part of the improvements made after the agreement and after the surrender and cancellation of the permit. They further alleged that all of the acts of W. H. Hall were in violation of the ordinances of the city enacted for the prevention of fire, and that the additions and changes made by W. H. Hall increased the fire risk materially. They denied that appellant J. H. Hall had been damaged, and alleged that appellant and W. H. Hall were responsible for any damage that may have been suffered, the same being brought upon them by reason of their efforts to violate the ordinances of the city.

Appellees further alleged that the appellant instituted an action in the Garland chancery court against the appellees to restrain them from interfering with the appellant in the changes and repairs on the building referred to, and sued appellees for damages for the same amount and the same alleged cause of action as in the present case; that afterwards, on the 20th of December, 1911, the appellant and W. H. Hall filed an amendment to the complaint of appellant, making W. H. Hall a party, and setting up that he had an interest in the subject-matter of the action; that the appellees demurred to the original complaint, and afterwards answered, and made their answer a cross-complaint, which they made exhibits to

their present answer; that on the................ day of December, 1911, the suit in the Garland Chancery Court was, by agreement of all parties hereto settled and was agreed to be and was dismissed; that by the agreement and settlement of that case the appellant and W. H. Hall were permitted to make certain changes and repairs in the building, which were agreed upon by all the parties to that suit; that the appellees, acting in their official capacity, and the appellant and W. H. Hall released the appellees from all liability for any and all damages claimed against the appellees by reason of the trespass alleged against the appellees in that action, and that by the terms of that agreement the appellees dismissed the prosecution instituted against W. H. Hall for violation of the fire ordinances of the city, and that no action was thereafter brought against him within one year after such dismissal of the action against the appellees in the Garland Chancery Court; that the agreement to dismiss the suit pending in the Garland Chancery Court was an adjustment of the issues between the parties in this action; that if the action in the Garland Chancery Court was not dismissed the same is still pending and operates as a bar to the prosecution of the present suit.

The appellant demurred to the answer, setting up:

"First. That the facts stated by the defendants, commencing at the second paragraph and first page and ending on the fourth page thereof, stating as a justification of their trespass that the plaintiff was violating an ordinance of the city of Hot Springs, is not sufficient to constitute a defense, counterclaim or set-off against plaintiff's cause of action.

"Second. That the facts stated by the defendants in their second defense, beginning at the second paragraph on page four and ending at the third paragraph on page five, are not sufficient to constitute a defense, counterclaim or set-off against plaintiff's cause of action."

The court overruled the demurrer and the appellant announced that he desired to stand on his demurrer. The court thereupon rendered a judgment in favor of the appellees against the appellant for costs. The record shows the following: "Comes the plaintiff by his attorney and prays an appeal to the Supreme Court from the order of this court overruling the demurrer of the plaintiff to the answer of the defendants, which was by the court granted."

*Davies & Ledgerwood*, for appellant.

The answer is not sufficient and the demurrer should have been sustained. 43 Ark. 230; 10 Peters (U. S.) 298; 78 Ark. 202; 46 *Id*. 422; 79 *Id*. 532, 550, 564.

*A. J. Murphy*, for appellee.

The demurrer is without merit. 84 Ark. 552; 1 Dillow on Mun. Corp. (4 ed.) 411-412; McQuillin on Mun. Corp. 333.

WOOD, J., (after stating the facts). (1) The demurrer to the answer conceded the truth of such allegations therein as were properly pleaded and when the appellant rested on this demurrer and refused to proceed further and allowed judgment for costs to be entered against him, this was tantamount to a final determination on the issue of law deciding the merits of the case, and was a final judgment from which the appellant could prosecute his appeal and thereby test the ruling of the court on his demurrer. See, *Melton* v. *St. Louis, I. M. & S. Ry. Co.*, 99 Ark. 433.

The demurrer alleged: First, that the facts stated by the defendants "commencing at the second paragraph and first page and ending on the fourth page thereof, stating as a justification of their trespass that the plaintiff was violating an ordinance of the city of Hot Springs, is not sufficient to constitute a defense," etc. And, second, "That the facts stated by the defendants in their second defense, beginning at the second paragraph on page four and ending at the third paragraph on page five, are not sufficient to constitute a defense," etc.

(2)   The paragraphs of the answer are not numbered, nor are the pages of the answer, as copied in the record, designated.   Therefore the grounds of the demurrer are not stated with sufficient certainty for this court to determine whether or not the facts referred to in the first and second grounds of the demurrer stated a defense to appellant's complaint.   Furthermore, even if the facts referred to in the first and second grounds of the demurrer did not state a good defense, these were not the only facts stated in the answer as constituting a defense.   Each and all of the material allegations of appellant's complaint were specifically denied by the allegations of appellee's answer.   The denials were as specific as the allegations.   This placed the burden upon the appellant to prove the allegations of his complaint before he could recover, and the answer was sufficient to constitute a defense even if it be conceded that the facts stated in the appellee's answer as referred to in the first and second grounds of the demurrer were not sufficient of themselves to constitute a defense.

The answer being sufficient to challenge appellant to the proof of the allegations of his complaint, and appellant refusing to make such proof, the court did not err in overruling the demurrer and in dismissing appellant's cause of action and rendering final judgment against him for costs.

Affirmed.