## RENFRO DRUG CO. v. JACKSON.

### No 3158.

Court of Civil Appeals of Texas. El Paso.
Feb. 21, 1935.

Rehearing Denied March 21, 1935.

J. G. Bennis, of El Paso, for appellant.

Jones, Hardie, Grambling & Howell, of El Paso, for appellee.

WALTHALL, Justice.

R. H. Jackson, as plaintiff, husband of Ethyl Jackson, brought this suit against the Renfro Drug Company, a corporation, to recover damages for personal injuries which he alleged she sustained while an invitee on the premises occupied by the defendant, Renfro Drug Company, as the result of certain alleged negligent acts of the defendant proximately causing said injuries.

Ethyl Jackson on January 29, 1932, entered defendant's drug store for the purpose of making a purchase of certain articles of goods, and before doing so she went to the rest room maintained by defendant on the mezzanine floor of the said drug store for defendant's feminine customers who were invited to use said rest room. As she was descending the stairway from said rest room, her foot slipped on some object on said stairway near the top, causing her to fall to the bottom of the stairway, causing the injuries complained of.

Plaintiff assigns as negligent acts causing Ethyl Jackson to fall and sustain said injuries: The stairway down which she was proceeding at the time of her fall was not lighted but was dark; that there were no handrailings or banisters along the sides of the stairs; that if said stairway had been properly lighted or properly equipped with handrails Ethyl Jackson would not have fallen and been injured.

In addition to said personal injuries, the petition alleges that plaintiff was compelled to and did incur, and which it will be necessary to thereafter incur, certain expenses, itemized, aggregating the sum of $883.90, for all of which plaintiff sues.

Defendant answered, pleading general demurrer, general denial, special denial, contributory negligence on the part of Ethyl Jackson (a) in entering upon and attempting to descend the stairway in question with full knowledge of its unlighted condition; (b) in failing to call for a light, or greater light than that furnished over the stairway, and in failing to call for assistance in descending said stairway, such assistance being readily available; (c) in failing to make use of the handrail provided along said stairway.

The case was tried with the aid of a jury.

At the conclusion of the evidence, and in due time, and in due order, defendant filed its motion for an instructed verdict; filed its

written objections to the court's charge; filed its motion for judgment non obstante veredicto, all of which motions the court heard and overruled, to which ruling defendant excepted.

After defining certain terms used in the charge, to which there was no objection made, the court submitted the case upon special issues, to which the jury made answers substantially as follows: "Ethyl Jackson sustained the personal injuries complained of as a result of a fall on the stairway maintained by defendant in its store; Mrs. Jackson's fall was not an unavoidable accident; said stairway was without a handrail; it was negligence to maintain said stairway without a handrail; such negligence was a proximate cause of Mrs. Jackson's injuries complained of; the light maintained for lighting the stairway was insufficient to properly light the stairway for customers of the store; the failure to properly light the stairway was negligence and a proximate cause of plaintiff's wife's injuries; it was not negligence on the part of plaintiff's wife in not calling for light or assistance; the stairway was not equipped with a handrail.

The jury assessed plaintiff's damages at $4,000. Upon the jury's findings the court entered judgment in favor of plaintiff for said amount.

Defendant duly filed its motion for a new trial which the court overruled, to which defendant excepted and gave notice and perfected its appeal.

. Opinion.

Appellant filed assignments of error, and based thereon submits eleven propositions.

The evidence is practically undisputed on the material facts. The contention of appellant is based largely upon the well-established rules of law to be applied to the undisputed facts. The facts, substantially, are that appellant Renfro Drug Company maintained a. rest room for its women customers on the mezzanine floor of its drug store. The rest room was approached by a stairway consisting of some eleven steps extending from the ground floor to the mezzanine floor above. The steps and walls on either side were of standard construction, and no question is raised as to any defect in either.

Appellee's wife, on the occasion in question, was an intended customer of appellant's drug store. Mrs. Jackson, on the occasion in question, went to the rest room and on returning, while attempting to go down the stair-way, her foot slipped on a piece of chocolate candy on the stairway, and she was thereby

caused to fall down the steps, and from the fall sustained the injuries complained of. In the petition the presence of the chocolate candy on the stairway was assigned as one of the negligent acts complained of, but on the trial that ground was abandoned as a separate and distinct ground of negligence but the presence of the chocolate candy on the steps was shown and considered in connection with the other grounds of negligence.

On the trial Mrs. Jackson testified that as she went up the stairs there was no light upon them, the stairway was in complete darkness, and that when she came to descend the stairway it was still in complete darkness; she further testified there was no handrail there at the time; that she had been up these steps many times (four times) and had "always found them in the same condition" (as to light and handrail) which she found them on the day of the accident.

W. E. Stockwell, a university graduate civil engineer and building inspector of the city of El Paso, testified that when the light over the bottom of the steps was out "the illumination over the top of the steps was fair, but it was pretty dark at the bottom. The stairway is dark at the bottom without light"; and, further, if there is light at the top in the sitting room and you turn from the lighted room to go down into the dark stairway, it would be dark without that light. Witness further testified:

"Question: If it did not have a hand rail and did not have this light over that door it would be a dangerous place for any person to go in, wouldn't it? Answer: Well, I imagine .so."

"Question: It would not be up to what they want to give the public these days, would it? Answer: No, sir."

■ The evidence, we think, is such as to require the submission of the issues of negligence and proximate cause to the jury, and the jury made the findings stated on the issues submitted. Appellant insists that it is not the insurer of the safety of those invited to its premises, but admits that it owes the duty of maintaining such premises in a reasonably safe condition.

■ The court submitted the issues to the jury whether the stairway was without a handrail and whether the light or lights maintained by appellant were insufficient to "properly light the stairway to such an extent" that same could be used by a customer exercising ordinary care, with reasonable safety. The findings of the jury on the issues were that the failure of appellant to have a hand-

rail, and sufficient light, on the stairway, was in each instance negligence; that is, a failure to exercise ordinary care to maintain the stairway in a reasonably safe condition. We think the issues were sufficiently submitted. It was the usual way of submitting the issues. It might have been equally well submitted had the court submitted the inquiry whether it would be reasonably safe to appellant's invited guests to maintain the stairway without sufficient light, and reasonably safe to maintain the stairway without a handrail.

The issues submitted were issues of fact for the jury, and, where the jury's findings on the issues submitted are supported by the evidence, such findings are binding on the court.

Appellant contends that where the undisputed evidence shows that Mrs. Jackson knew, as here, before and at the time she went upon the stairway that the stairway was not sufficiently lighted, and that it had no handrail, and that with such knowledge she voluntarily entered upon the stairway, such facts establish contributory negligence as a matter of law, and that appellant was entitled to an instructed verdict. Appellant submits that such would be true where Mrs. Jackson on several former occasions had gone upon the stairway, and that at such times, as she testified, the stairway was not lighted and it had no handrail.

The duty primarily rests upon the appellant to furnish Mrs. Jackson a stairway reasonably safe from danger upon which to reach and to return from the rest room. We think that to charge Mrs. Jackson with contributory negligence as a matter of law, and to entitle appellant to the right of an instructed verdict, the evidence should be such as to show that Mrs. Jackson not only knew there was not sufficient light upon the stairway and knew there was no handrail, but that she appreciated the danger to her of going upon the stairway without such sufficient light and without a handrail, either or both.

We cannot say that the evidence is such as shows that Mrs. Jackson necessarily appreciated the danger of personal injury to her by seeing that there was not sufficient light and that the stairway had no handrail. The jury necessarily determined that issue against appellant in finding that she was not negligent. We think, too, that Mrs. Jackson could presume that the stairway was reasonably safe without light and a handrail, and it might have been so in the absence of some foreign substance upon the stairway such as the chocolate candy, which might have contributed to cause her fall, and which she might not see without sufficient light and might not avoid a fall without the handrail.

We have concluded that the following cases sustain the views above expressed:

El Paso Printing Co. v. Glick (Tex. Civ. App.) 246 S. W. 1076, and the same case on writ of error, affirming the disposition made of the case (Tex. Com. App.) 263 S. W. 260; Morten Investment Co. v. Jordan (Tex. Civ. App.) 57 S.W.(2d) 887; Bustillos v. Southwestern Portland Cement Co., 211 S. W. 929, 931, in which the Commission of Appeals states the duty of the occupant of the premises to an invited guest to be, "to have same in a reasonably safe condition and to give warning of latent or concealed perils," and refers to 1 Thompson's Negligence, par. 945; Foster Lumber Company v. Rodgers (Tex. Civ. App.) 184 S. W. 761; Morten Investment Co. v. Trevey et al. (Tex. Civ. App.) 8 S.W.(2d) 527, holding that it was the duty of the owner of the premises "of keeping the premises in a reasonably safe condition." 30 Texas Juris. pp. 871, 872, and 873, and cases in notes.

We have reviewed and considered the propositions not specifically discussed, and have concluded they present no reversible error, and are overruled.

Finding no reversible error, the case is affirmed.