BRYANT v. THOMAS.

5-1876 & 5-1877                                   328 S. W. 2d 83

Opinion delivered October 12, 1959.

*J. M. Smallwood,* for appellant.

*Robert J. White, Bob Bailey, Jr., Richard Mobley,* for appellee.

GEORGE ROSE SMITH, J. On the night of September 26, 1957, after dark, a large truck-trailer owned by the appellant Langley and being driven by his employee, the appellant Bryant, developed engine trouble and became disabled as it was ascending a moderate slope on the highway between Dardanelle and Russellville. Bryant tried to get off the pavement by letting his vehicle roll backward, but the rear wheels ran into a pile of gravel on the shoulder of the road. When the rig came to a standstill it was in a jackknife position with the truck occupying the entire right-hand traffic lane and the trailer sitting at an angle across the shoulder.

The record supports the view that Bryant turned off all the lights of his vehicle and descended to the roadway, where he attempted to direct traffic with a flashlight. Another truck approaching from the opposite direction had stopped to let a passenger car go

around the stalled truck-trailer, and two other passenger cars stopped behind the disabled rig. The second of these cars was occupied by two of the appellees, Harold Thomas and his wife. Bryant signaled for the other truckdriver to come forward and go on past the truck-trailer and the two cars waiting behind it. As the other truck was moving past the three standing vehicles the Thomas car was struck violently from behind by a pick-up truck in which the appellee Brock was riding with a companion, Mayhand, who was driving. Separate suits for personal injuries and property damages were brought against Bryant and his employer by the Thomases and by Brock. The cases were tried together and resulted in verdicts of $700 for Thomas, $10,000 for Mrs. Thomas, and $1,000 for Brock.

The appellants contend primarily that they were entitled to a directed verdict, on the twofold ground that (a) the plaintiffs failed to prove that the defendants were negligent and (b) the sole proximate cause of the collision was Mayhand's carelessness in failing to see the Thomas car in time to avoid hitting it. We are of the opinion that the evidence on each point presented an issue for the jury.

The jury could have found that Bryant was negligent in at least two respects. First, there is evidence that he had been having trouble with his truck for a week or more and knew that its engine was not functioning properly. This proof is bolstered by testimony that it had taken Bryant two hours or more to travel less than five miles, from Dardanelle to the point of the accident. Secondly, several witnesses say that Bryant failed to leave the lights burning on his disabled vehicle, as the statute requires. Ark. Stats. 1947, § 75-707. We are not convinced by the argument that this omission became immaterial in view of the fact that the lights were burning on the two cars waiting behind the stranded rig. The jury may have thought that the headlights, clearance lights, and taillights of the big truck-trailer would have made an effective contribution toward warning Mayhand of the vehicles in his path.

The jury could have found that Bryant's negligence had created the hazardous situation and that his failure to keep his lights burning had increased the danger.

It is also argued that the sole proximate cause of the collision was Mayhand's failure to observe the lights of the passenger cars in time to avoid striking the Thomas car. In a very similar fact situation a driver in Mayhand's position has been held not to have been guilty of contributory negligence as a matter of law. *Champieux* v. *Miller*, Mo., 255 S. W. 2d 794. The court stressed the fact that the driver may have believed for a time that the taillights ahead were on a moving vehicle instead of a stationary one. That consideration is especially persuasive here, for there is testimony that the headlights of the oncoming truck were unusually bright and may have had a tendency to blind Mayhand.

It cannot be said that Mayhand's conduct, whether negligent or not, became as a matter of law the sole, intervening, efficient cause of the accident. Under the principles stated in *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797, Mayhand's action did not necessarily become a superseding cause of the accident, for a reasonable man knowing the situation might not regard it as highly extraordinary that the collision happened as it did. The issue was therefore for the jury. See also *Coca Cola Bottling Co.* v. *McAnulty,* 185 Ark. 970, 50 S. W. 2d 577; *Healey & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. 2d 242; Comment, 1 Ark. L. Rev. 148.

The appellants' remaining arguments have to do with the court's instructions. The court did not err in telling the jury, in the language of the statute, that it is a misdemeanor for a person to drive a vehicle in an unsafe condition, Ark. Stats., § 75-701, and that a violation of this law is evidence of negligence. The testimony about Bryant's earlier difficulties with the truck was sufficient to justify the court in submitting the issue. Furthermore, we do not think that the statutory reference to an unsafe condition must be limited to a lack of equipment such as lights, brakes, etc. To the contrary, it is plain that § 75-701 refers disjunc-

tively to such a deficiency and thus makes it an alternative basis for a finding that the vehicle is in an unsafe condition.

Complaint is also made of three instructions by which the court submitted the question of Bryant's possible negligence in obstructing the highway and in failing to maintain lights upon his disabled rig. Here the appellants' argument is simply a repetition of counsel's insistence that Bryant was not negligent in these respects, in which case the objections to the court's charge would be well taken. But since we are holding that the proof presented issues of fact concerning Bryant's negligence it follows that the instructions were correctly given.

Affirmed.