**SAFEWAY, INC., Appellant,**

v.

**E. W. JOHNSON, Appellee.**

**No. 19931.**

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1962.

Rehearing Denied Feb. 28, 1963.

Max N. Osborn, Midland, Tex., Turpin, Kerr, Smith & Dyer, Midland, Tex., of counsel, for appellant.

Warren Burnett, Lee Arnett, Odessa, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment for $15,000.00 entered upon a general verdict awarding damages for personal injuries suffered by the plaintiff, Johnson, when he slipped and fell at the top of a stairway in the store of defendant, Safeway, Inc., in Monahans, Texas.

The plaintiff went to the store to purchase groceries for the restaurant he operated. While waiting for some meat to be cut, he decided to go to the men's toilet located on the second floor. Over the swinging doors leading to the store room from which the steps led was a sign reading "General Admittance to Employees Only." A previous manager of the store had, however, given the plaintiff general permission to use the rest room. "That was when the store first opened and (he) said any time I wanted to use the rest room, it was there and available." The plaintiff estimated

that he had been up the steps about once a week during the several years since the store opened. On all previous occasions the stairway was well lighted. On the occasion of his injury, the light on the ceiling above the landing about halfway up the steps was not lighted. "There was no light in the landing at all, but further on down the hall, the ladies' rest room door was open. There was a light in there, which was shining out into the hall, just quite a distance down the hall, it is quite a distance down the hall from the first step, and then beyond that was a men's rest room which was dark. I turned the light on in there." Plaintiff came back to the stairway where he fell at the top step. "That is when I just misjudged and well, I knew there was a banister there, and I was feeling for it, and it came up, oh, very near to the top of the steps there of the landing; and I didn't, it didn't come up far enough; and when I did that, I hit on the side of this thing, and I just slipped and fell."

On appeal, the defendant's first insistence is that the court erred in overruling defendant's motion for summary judgment made after the taking of plaintiff's deposition, because plaintiff had knowledge of the condition of inadequate lighting, the only ground of negligence then alleged, and the defendant owed plaintiff no duty as to a condition already known by him.[1]

At the time of the overruling of defendant's motion for summary judgment, plaintiff's testimony, which we have quoted from his deposition, had clearly indicated that inadequacy of the handrail might have contributed to his fall, and the court, in a pretrial order, had granted plaintiff leave to amend to plead inadequacy of the handrail as negligence. Thereafter the plaintiff did so amend his complaint, and relied both on inadequate

lighting and on the handrail not extending to the top of the steps.

■ Under procedure of an earlier day, it has been held that error in overruling a demurrer to the evidence,[2] or in overruling a motion for directed verdict,[3] may be cured by further proceedings or the admission of additional evidence.[4] Assuming arguendo that, as the complaint then stood, the motion for summary judgment should have been sustained, it does not now appear that the overruling of that motion was inconsistent with substantial justice. Hence, any error should be disregarded. Rule 61, Federal Rules of Civil Procedure; 28 U.S.C.A. § 2111.

■ The district court did not err in overruling the defendant's motions for directed verdict and for judgment notwithstanding the verdict. The jury could reasonably find from the evidence that the handrail was inadequate because it did not extend to the top of the steps, and that that defect, when combined with the inadequate lighting on the occasion of plaintiff's fall, rendered the stairway not reasonably safe for the use of invitees. The facts show a stronger case against application of the doctrines of *volenti non fit injuria* and contributory negligence than appeared in Renfro Drug Co. v. Jackson, Tex.Civ. App., 1935, 81 S.W.2d 101. In the present case, the plaintiff had never before used the stairway when the ceiling light was out. In Renfro Drug Co. v. Jackson, supra, plaintiff had used the stairs at least four times before, and always found them dark and without handrail. On the occasion in question, she again went up the stairs in defendant's drug store to use the rest room, and slipped and fell on the way back down. The Texas Court of Civil Appeals said:

"Appellant contends that where the undisputed evidence shows that

1. Houston National Bank v. Adair, Tex. Sup.Ct., 1948, 146 Tex. 387, 207 S.W.2d 374.

2. 5A C.J.S. Appeal & Error § 1757, p. 1115, n. 6.

3. 5A C.J.S. Appeal & Error, § 1758, p. 1123, n. 98.

4. See also 5 Am.Jur.2d, Appeal & Error, §§ 792, 806.

Mrs. Jackson knew, as here, before and at the time she went upon the stairway that the stairway was not sufficiently lighted, and that it had no handrail, and that with such knowledge she voluntarily entered upon the stairway, such facts establish contributory negligence as a matter of law, and that appellant was entitled to an instructed verdict. Appellant submits that such would be true where Mrs. Jackson on several former occasions had gone upon the stairway, and that at such times, as she testified, the stairway was not lighted and it had no handrail.

"The duty primarily rests upon the appellant to furnish Mrs. Jackson a stairway reasonably safe from danger upon which to reach and return from the rest room. We think that to charge Mrs. Jackson with contributory negligence as a matter of law, and to entitle appellant to the right of an instructed verdict, the evidence should be such as to show that Mrs. Jackson not only knew there was not sufficient light upon the stairway and knew there was no handrail, but that she appreciated the danger to her of going upon the stairway without such sufficient light and without a handrail, either or both.

"We cannot say that the evidence is such as shows that Mrs. Jackson necessarily appreciated the danger of personal injury to her by seeing that there was not sufficient light and that the stairway had no handrail. The jury necessarily determined that issue against appellant in finding that she was not negligent. * * *" (81 S.W.2d at 103.)

Of course, there is no duty to warn an invitee of a condition already known to him and the dangers of which he appreciates or should appreciate, and the invitee "cannot recover for injury sustained while voluntarily exposing himself to a danger which he either does or should fully realize and appreciate." McKee v. Patterson, Tex.Sup.Ct., 1954,

153 Tex. 517, 271 S.W.2d 391, 394. Under the evidence in this case, however, plaintiff's appreciation vel non of the danger involved in his attempt to descend the steps was for the jury.

The district court fully and correctly instructed the jury on the law of the case. We find no reversible error either in giving or in the refusal to give any instructions. The judgment is

Affirmed.