NUNEZ *v.* O. K. PROCESSORS.

5-3328

381 S. W. 2d 754

Opinion delivered September 14, 1964.

A. A. McCormick, for appellant.

Bethel & Pearce by Donald P. Calloway, for appellee.

GEORGE ROSE SMITH, J. The Uniform Enforcement of Foreign Judgments Act, adopted in Arkansas in 1949, created a simplified method of enforcing foreign judgments. Ark. Stat. Ann., Title 28, Ch. 8 (Repl. 1962). In the case at bar these appellants filed a petition in the circuit court of Sebastian county, seeking to enforce a Nevada judgment against the appellee in the sum of $415.85. This is an appeal from an order sustaining a demurrer to the appellants' petition.

Counsel for the appellee open their printed brief by stating that they feel it to be their duty to call attention to a jurisdictional defect in the record: the want of a final appealable order. Despite this suggested defect counsel proceed to argue the case upon its merits. In the reply brief the attorney for the appellants insists that the order is in fact an appealable one.

The order in question recites that the demurrer is sustained, that the petition is quashed, and that the petitioners are allowed ten days in which to file a proper petition. Within the ten days the appellants filed a notice of appeal in which they stated that they elected to stand upon their pleadings.

The order in itself was not final, for it did not dismiss the parties from the court nor conclude their rights in the subject-matter of the controversy. *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S. W. 2d 1110. To the contrary, the order recognized the continued pendency of the case by allowing the petitioners ten days in which to amend their pleadings.

It is argued by the appellants that the element of finality was supplied by the declaration in the notice of appeal that they elected to stand upon their pleadings. Substantially this same contention was made in *Fairview Coal Co.* v. *Central Ry.,* 153 Ark. 295, 239 S. W. 1058. In rejecting this argument we said: "It was clearly an interlocutory order, unless the use of the language to the effect that appellant refused to plead further amounted to a final disposition of the case. We think this language a mere recital of the attitude of appellant, and in no sense an act or order of the court."

In the past, in the situation now confronting us, it has been our practice to dismiss the appeal "for want of jurisdiction." *Green* v. *Thomas,* 8 Ark. 56. In some instances we took that action with obvious reluctance, realizing that it entailed serious inconvenience and added expense to both litigants. In the case at bar, for example, we have before us a record that is almost complete and printed briefs in which counsel have argued the issues upon their merits. If we summarily dismiss this appeal the parties may conceivably be compelled to duplicate their record and briefs, after having first obtained a final order that in all likelihood will be entered without objection.

We think it our duty to alleviate this hardship upon our own motion, as far as we can. Even though we cannot brush aside jurisdictional defects in the record, we certainly can afford the parties an opportunity to supply what is lacking. All that is really needed in this case is a final judgment dismissing the appellants' petition and a notice of appeal from that judgment. If the parties will, within fifteen days, take the necessary action to supplement the record in those respects and, further, will file a stipulation that the appeal may be heard upon the briefs already on file, we shall decide the case upon its merits. Otherwise the appeal will be dismissed without prejudice. Needless to say, this opinion is intended to provide a precedent under which lawyers may supply similar deficiencies in future cases without the court's intervention.