LYTAL *v.* CRANK

5-3775                                          399 S. W. 2d 670

Opinion delivered March 7, 1966

*Clifton Bond,* for appellant.

No brief filed for Appellee.

434

Frank Holt, Justice. Appellee brought this action against appellant and Mr. Marvin Coulter for the recovery of property damages resulting from an automobile collision. Appellee dismissed his complaint against Coulter before the trial. A jury awarded appellee $420.78 and from a judgment accordingly entered comes this appeal.

Appellant contends that the trial court erred in overruling his written demurrer to the evidence since the evidence failed to indicate that any act or conduct of appellant was the proximate cause of appellee's damages. A written demurrer to the evidence is permissible in chancery and probate cases. *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225. However, should we treat appellant's written demurrer as a motion for a directed verdict, he cannot prevail. When one proceeds to introduce proof after the trial court has denied a motion for a directed verdict, the alleged error is waived if the motion is not renewed at the close of all the evidence. *Granite Mountain Rest Home, Inc.* v. *Schwarz*, 236 Ark. 46, 364 S. W. 2d 306; *Grooms* v. *Neff Harness Co.*, 79 Ark. 401, 96 S. W. 135; and *Ft. Smith Cotton Oil Company* v. *Swift & Co.*, 197 Ark. 594, 124 S. W. 2d 1. In the case at bar appellant waived the alleged error since he proceeded to introduce proof after denial of his motion which was not renewed at the close of all the evidence.

Appellant next contends that the damages sustained by the appellee were proximately caused by Coulter and not by appellant. It is true that the acts and conduct of a defendant must be the proximate cause of any injuries before a defendant can be liable for the plaintiff's damages. *Gage* v. *Harvey*, 66 Ark. 68, 48 S. W. 898. There we said:

"In determining whether an act of a defendant is the proximate cause of an injury, the rule is that the injury must be the natural and probable consequence of the act—such a consequence, under the surrounding circumstances of the case, as might and

ought to have been foreseen by the defendant as likely to flow from his act; the act must, in a natural and continuous sequence, unbroken by any new cause, operate as an efficient cause of the injury.''

See, also, *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797.

As to the sufficiency of the evidence to sustain a verdict, it is well settled that we must view the evidence with every reasonable inference deducible therefrom in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Jarrett* v. *Matheney,* 236 Ark. 892, 370 S. W. 2d 440; *Milner* v. *Marshall,* 238 Ark. 914, 385 S. W. 2d 800. By this rule we proceed to review the evidence in the case at bar.

Appellant, who operates a wrecking yard, was requested by Coulter about 10 o'clock at night to assist him in starting his car which was stalled on a nearby county road. After appellant pushed Coulter's car a short distance, the cars were turned around and a tow chain attached. According to appellee's evidence the appellant towed the disabled vehicle from the sloping side-road onto an intersecting, well traveled, state highway where the towing chain came loose from the cars; that the appellant then parked his car facing west on the shoulder of the highway; that Coulter's unlighted vehicle came to a stop in approximately the middle of the road facing in the opposite direction; that when appellee approached the scene, the appellant's headlights blinded him to such an extent that he could not see Coulter's unlighted and disabled vehicle in time to avoid a collision; that when appellee passed where appellant was standing by his parked car the appellant made no attempt to stop or warn him of the presence of Coulter's disabled vehicle.

Appellant offered a conflicting version. According to him the tow chain came loose when he stopped at the highway intersection; that he drove his unattached car across the highway and parked it about 70 feet from the

intersection; that after a motorist passed the scene, Coulter released his brake and "rolled" down the incline onto the highway where his lighted vehicle stopped facing the opposite direction from appellant's car; that one motorist passed the scene safely and then appellee collided with Coulter's car before it could be removed from the traveled portion of the highway.

On appeal we are concerned with the legal sufficiency and not the weight of the evidence since that is a matter within the province of the jury. *Myers* v. *Martin*, 168 Ark. 1028, 272 S. W. 856; *Oliver* v. *Miller*, 239 Ark. 1043, 396 S. W. 2d 288. In the case at bar there is substantial evidence, when viewed in the light most favorable to the appellee, to support the jury's verdict.

Affirmed.