CARL W. WIDMER *v.* FORT SMITH VEHICLE & MACHINERY CORPORATION

5-4568                     429 S. W. 2d 63

Opinion delivered May 27, 1968

[Rehearing denied July 15, 1968.]

*Carl W. Widmer,* pro se.

*Hardin, Barton, Hardin & Jesson,* for appellee.

CARLETON HARRIS, Chief Justice. This is an appeal from a decree of the Sebastian County Chancery Court dismissing appellant's complaint with prejudice after the latter failed to offer any proof, or go forward with the evidence on the day set for trial. In November, 1965, appellant, Carl W. Widmer, instituted suit in the Sebastian Circuit Court against the Fort Smith Vehicle and Machinery Corporation, appellee herein, alleging that appellee had, through their employees and agents, entered illegally upon his farm, and removed a certain John Deere disk harrow, which belonged to him, having been purchased by appellant on June 12, 1962. According to the complaint, this purchase had been financed in part with an equipment note of that date, which was later marked, "Paid," by the First National Bank of Fort Smith on March 12, 1963. It was alleged that the value of the disk harrow at the time of the wrongful taking was $980.00, and that the yearly rental value of same was $300.00; further, that after obtaining posses-

sion of this machinery, appellee had unlawfully convert-
ed and disposed of the same, and appellant had sus-
tained actual damage in the amount of $1,702.00. Puni-
tive damages were also sought in the sum of $2,500.00.

Appellee answered, denying that Widmer owned the
harrow or that it had been wrongfully taken; it was
asserted that on June 12, 1962 the company sold the
disk harrow to appellant, and also a grain drill, but that
on March 12, 1963, Widmer purchased a John Deere
drill with fertilizer attachment, agreeing to pay the sum
of $7,700.00; that there was still a balance of $757.11
on the June note, and the drill purchased on the June
date was traded in on the new drill; further, that as a
matter of accommodation, the disk harrow was placed
in a new contract, and combined with the purchase made
in March, 1963, a new note being executed for the bal-
ance then due in the total amount of $1,602.10. There-
after, according to the answer, the company proceeded
to cancel the note of June 12, 1962. It was further stated
that on December 8, 1963, appellee proceeded to take
possession of the equipment under a provision of the
March 12 contract which permitted it to do so if there
was default in the payment of any installment due on the
note, or if the company deemed itself insecure. Accord-
ing to the answer, there was a default, and the company
acted in accordance with the agreement. A counterclaim
was filed, stating that the drill and disk, after being re-
possessed, were sold, but the company sustained a loss
in the amount of $750.00 for which it was entitled to
judgment.

Widmer responded to this answer, and counter-
claim, by alleging that appellee had fraudulently and
materially altered the contract and note after their exe-
cution without his knowledge and consent by adding the
John Deere disk harrow to these later instruments; that
appellee held no valid agreement or note as to the disk
harrow, the indebtedness for that particular machinery
having been paid under the note of June 12, 1962. Ap-

pellant filed requests for admissions, all of which were answered, and either admitted or denied. Thereafter, interrogatories were served on appellee on July 5, in effect asking for the reasons for the denial of a number of the requests for admissions. Another set of interrogatories was filed on July 8, asking for additional information, and still again, interrogatories were filed on July 15. Appellee filed a motion to quash these interrogatories, asserting that they had been propounded simply for the purpose of annoyance, expense, embarrassment, and oppression.

The court granted this motion as to the interrogatories of July 5 and July 8, and also as to those of July 15, except as to interrogatories No. 3 and 4, which the court directed appellee to answer not later than September 8. This was done, and appellee also took a non-suit as to its counterclaim. Widmer then filed a motion for summary judgment, and appellee filed a motion to transfer the cause to equity, alleging there was a need for reformation of the contract. The court entered its order, finding that there appeared to be discrepancies in the written instruments as to the description of the property purchased and the due dates for payments; that the terms of the contract needed to be more clearly defined, and the case was transferred to the Chancery Court.

There, appellant moved for a summary judgment, and filed an affidavit in support of same. Appellee responded, stating that a mutual mistake had been made as to due dates in the contract, but that irrespective of this fact, appellee had been given the right under the contract and note to repossess the property, should appellant be in default. It was prayed that the motion for summary judgment be denied, and that the instruments be reformed to reflect the true intentions and transactions of the parties. On August 16, the Chancellor denied the motion for summary judgment, holding that there were genuine and material issues of fact raised by

the pleadings, and by the statement of the parties, and that the matter could only be resolved by a trial. On September 11, the case was called for trial, at which time Mr. Widmer stated that he did not choose to call any witnesses or testify in his own behalf but would instead stand on his motion for summary judgment, with affidavit attached. Counsel for appellee, when asked if he desired to place a witness on the stand, replied that, since the motion for summary judgment had been previously overruled by the court, the appellant had the burden of establishing a prima facie case based on evidence, and this not being done, appellee was entitled to judgment. When appellant again stated that he would stand on his motion, the court granted defendant's motion, and subsequently signed a decree dismissing appellant's complaint.[1] From that decree, appellant brings this appeal.

---

[1] The full proceedings of September 11, 1967, are as follows:

"The Court: Let the record show that the parties are present and represented by counsel, with Mr. Carl W. Widmer appearing in person on behalf of himself as his own attorney. Upon announcing ready for trial the plaintiff states that he does not choose to call any witnesses or to testify in his own behalf but does desire to stand on his Motion for Summary Judgment, with Affidavit attached or in support thereof and the matters set out in his Motion. In other words, the Plaintiff desires to stand on the pleadings which he has filed in this case. Is there anything further that you wish to offer, Mr. Widmer?

Mr. Widmer: Nothing at this time.

The Court: Mr. Thompson, in behalf of the defendant, Fort Smith Vehicle and Machinery Corporation, do you choose to call a witness at this time or put on any testimony?

Mr. Thompson: Your Honor, it is our understanding that plaintiff's Motion for Summary Judgment has been overruled previously by this Court and further, that plaintiff, in a situation such as this, has the burden of establishing a prima facie case based on the evidence. Having chosen to do neither of these, we would at this point ask the Court to grant the defendant a verdict as to plaintiff's Complaint.

The Court: Mr. Widmer, do you wish to respond to counsel's statement?

Mr. Widmer: No. We will stand on our Motion.

The Court: All right. Both of you gentlemen are aware that

For reversal, it is first argued that the trial court erred in not deeming all requested admissions of fact contained in request for admission of facts dated February 25, 1966, as admitted. Appellant points out that no sworn statement denying the requested admissions was ever served on appellant. Admittedly, the original was signed and sworn to, but the signing of the copy was apparently overlooked—we say overlooked, because there would have been no reason to sign the original and purposely fail to sign the copy. The offer was made by appellee to sign and verify the answers before the case was disposed of. We find no merit in appellant's assertion. In *Kingrey* v. *Wilson,* 227 Ark. 690, 301 S. W. 2d 23, the appellant submitted a request for admissions which appellee answered within the time designated, but not under oath. The trial court however, allowed appel-

---

we have had a pre-trial conference in this matter since it was transferred to the Chancery Court from the Circuit Court on Motion of the defendant, which was acquiesced in by the plaintiff. Subsequently, on August 11, 1967, this Court, after the pre-trial conference and full discussion and review of the pleadings with you gentlemen, the Court rendered a pre-trial memorandum which each of you were furnished a copy of, and you do have a copy of it?

Mr. Widmer: Yes, sir.

Mr. Thompson: Yes.

The Court: The Court again set forth the chronological filing of the pleadings and brought the matter up to the day of the conference. You will note in this Opinion or this pre-trial memorandum that it was the Court's opinion, based on the review of the file, the plaintiff's Motion for Summary Judgment which the Court has under consideration, considered all matters in the case and the Court was of the opinion that this Motion for Summary Judgment of the plaintiff's should be denied and overruled, the Court feeling that there were general and material issues of fact raised in this case by the statement of counsel or parties for themselves in this instance, and in view of this, this Motion should be denied. This was done and has been done. In view of this statement of counsel for defendant's position in this case, do you have anything further that you might want to offer at this time, Mr. Widmer?

Mr. Widmer: No, I believe we will just stand.

The Court: All right then, the defendant's Motion for a Verdict in this case will be granted. The defendant may draw a Precedent accordingly.

lee to verify her answers to the questions at the beginning of the trial, and this court refused to declare error, stating, "In so doing, the court was clearly acting within its discretion."

It is next asserted that the trial court erred in not requiring all interrogatories which were presented to appellee to be answered. We do not agree. Part of these interrogatories were apparently for the purpose of having appellee enlarge upon its answers to the requests for admissions, and the court, on the third group of interrogatories, did require appellee to answer two of them, but granted appellee's motion to quash the rest. Ark. Stat. Ann. § 28-355 (Repl. 1962) gives the court, on motion of the party interrogated, the authority to enter whatever protective order justice may require, i. e., an order may be entered "to protect the party from annoyance, expense, embarrassment, or oppression." In *Widmer* v. *Fort Smith Vehicle and Machinery Corporation*, 244 Ark. 626 (April 15, 1968), we said:

"The purpose of discovery procedure is to simplify the issues at the actual trial and is not intended to take the place of the actual trial, nor is it intended to relieve the plaintiff of the burden of proving the allegations of his complaint in a civil case."

In *Widmer* v. *Modern Ford Tractor Sales*, 244 Ark. 696 (April 22, 1968), we held that the trial court did not abuse its discretion in quashing appellant's interrogatories, and we are unable to say, in the present instance, that there was any abuse.

Finally, it is urged that the trial court erred in not granting appellant's motion for summary judgment. Mr. Widmer points out that, though he filed an affidavit, no counter-affidavit was filed by appellee.

We cannot pass on the question of whether the summary judgment should have been granted, for this is not

an appealable order. In the Kentucky case of *Bell* v. *Harmon,* 284 S. W. 2d 812, the court rendered a comprehensive discussion on this subject, as follows:

"The Federal courts seem to assume that an order denying a motion for summary judgment is not reviewable because not appealable. [Citing authorities.] Clearly such an order, being interlocutory, is not *appealable.* See Clay CR 56.03, Comment 7. However, though not independently appealable, certain interlocutory orders are *reviewable* in conjunction with a final judgment; *e. g.,* an order overruling a motion for a directed verdict; an order granting a new trial. Thus the determination that an order denying summary judgment is not appealable does not necessarily resolve the question of whether such an order may be reviewed when properly presented.

"However, we think sound reasoning supports the conclusion that an order *denying* summary judgment should not be reviewed on appeal. (In passing it may be noted that an order *granting* such judgment is a final order and is of course forthwith appealable.)

"Summary judgment procedure is not a substitute for a trial. It is a time saving device, and the motion should only be sustained if the court is fully satisfied that there is an absence of genuine and material factual issues, and all doubts are to be resolved in favor of the party opposing the motion. * * *

* * *

"Our refusal to review an order denying a summary judgment can in no sense prejudice the substantive rights of the party making the motion since he still has the right to establish the merits of his motion upon the trial of the cause. If the contrary were held, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had

failed to prove his case fully on an interlocutory motion.

"We therefore decline to consider the possible error in the denial of defendant's motion for summary judgment. * * *"

In our own case of *Douglas* v. *Citizens Bank,* 244 Ark. 168, 424 S. W. 2d 532 (February, 1968), we stated that an order denying a motion for summary judgment is merely interlocutory, and is not appealable.

In connection with his argument relative to the trial court's failure to grant the summary judgment, appellant says that since appellee asked for a reformation of the contract, the burden shifted to appellee to go forward with the proof, and the court was in error in directing that Widmer go forward with his evidence. This argument is erroneous. In the first place, appellee has denied the allegations in plaintiff's complaint, *i. e.,* that Widmer was the owner of the disk harrow, that it illegally entered or trespassed upon Widmer's lands, or that it wrongfully and unlawfully converted same to its own use. Since these allegations were denied—and since the court refused to grant the motion for summary judgment—it became incumbent upon appellant to present the evidence upon which he relied for recovery. Following this, the burden would have shifted to the appellee to go forward with his evidence relative to reformation of the contract. There is also another reason why the point is without substance. No objection was made to the trial court's directive to Widmer to proceed with his proof. Nor did appellant point out to the court that, in his (appellant's) view, the burden was on the appellee to go forward, but rather twice stated that he would stand on his motion (for summary judgment). In other words, the issue of who should first proceed with the proof was not raised before the Chancery Court. We have said many times that an issue cannot properly be raised for the first time on appeal. *Banks* v. *Jones,* 239 Ark. 396, 390 S. W. 2d 108, and cases cited therein.

If appellant desired a review of the merits of the case, he should have proceeded to offer evidence instead of standing on his motion for summary judgment. As stated in *Widmer* v. *Modern Ford Tractor Sales, supra*:

"* * * Knowledge of *how* to prepare and file the various instruments permissible under our civil code is, of course, an elementary necessity in the practice of law, but a thorough knowledge of the office of the instrument, and *when* and *why* it should be used, is indispensable in the proper preparation and trial of a lawsuit. A knowledge of how to proceed in the trial of a lawsuit after a motion has been granted or denied, or after requests for admissions have been complied with, refused, or ignored, is more important in resolving differences by a fair and impartial trial in a court of law than is the knowledge of how to prepare and file such motions or requests."

Affirmed.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent as I think the rule indicated with reference to reviewability of an order denying a motion for summary judgment is wrong. I agree that no appeal lies from an order denying a summary judgment, as such order is interlocutory. *Douglas* v. *Citizens Bank*, 244 Ark. 168, 424 S. W. 2d 532.

I also agree that a motion for summary judgment should not be reviewed on appeal after a trial on the merits. See *Bell* v. *Harmon*, 284 S. W. 2d 812 (C. A. Ky. 1955); *Safeway, Inc.* v. *Johnson*, 311 F. 2d 387 (5th Cir. 1962); *The Home Indemnity Company* v. *Reynolds & Company*, 38 Ill. App. 2d 358 (1962). A motion for summary judgment is somewhat like a motion for a directed verdict. The theory underlying both is substantially the same, *i. e.*, that there is no genuine issue of fact to be resolved and that the movant is entitled to judgment on the applicable law. *Russell* v. *City of Rogers*, 236 Ark.

713, 368 S. W. 2d 89; 6 Moore's Federal Practice, § 56.04[2] p. 2066. In testing the propriety of granting a summary judgment, we have applied the rules by which we test the propriety of directed verdicts. *Russell v. City of Rogers, supra.* By the same analogy, we should deny review after a trial on the merits, just as we deny review of a motion for directed verdict made at the conclusion of a plaintiff's proof, because deficiencies in the evidence may be supplied by the subsequent proceedings. *Fort Smith Cotton Oil Co.* v. *Swift & Company,* 197 Ark. 594, 124 S. W. 2d 1; *Granite Mountain Rest Home, Inc.* v. *Schwarz,* 236 Ark. 46, 364 S. W. 2d 306; *Campbell* v. *Bastian,* 236 Ark. 205, 365 S. W. 2d 249; *Lytal* v. *Crank,* 240 Ark. 433, 399 S. W. 2d 670. Following the analogy and for the same reasons, we should review the denial of a motion for summary judgment where a movant elects to stand thereon and let final judgment go against him. This is the same procedure we follow when a defendant elects to stand on an overruled demurrer to a complaint and have judgment rendered against him, or when he fails to offer evidence after denial of a motion for directed verdict. *Nunez* v. *O. K. Processors, Inc.,* 238 Ark. 346, 381 S. W. 2d 754; *Portis* v. *Board of Public Utilities,* 212 Ark. 822, 208 S. W. 2d 772, 213 Ark. 201, 209 S. W. 2d 864; *Hall* v. *Waters,* 118 Ark. 427, 176 S. W. 699.

The United States 5th Circuit Court of Appeals, in denying review of a motion for summary judgment after a trial on the merits, emphasized this analogy by pointing out that error in overruling a demurrer to the evidence or a motion for directed verdict might be cured by further proceedings or admission of additional evidence. *Safeway, Inc.* v. *Johnson,* 311 F. 2d 387 (5th Cir. 1962).

The finality of an order denying summary judgment where the movant elected not to avail himself of an opportunity to offer testimony in support of his case was recognized in *W. J. Dillner Transfer Company* v.

*United States,* 101 F. Supp. 506 (W. D. Pa. 1951).

I can perceive no sound reason why one may not stand on his right to a summary judgment just as he can stand on his right to a directed verdict or to have a demurrer sustained. There is no question raised here as to the insufficiency of the affidavit or the credibility of the affiant or to his lack of personal knowledge of the content of the affidavit.

The injustice of any other procedure was sharply pointed up by the Appellate Court of Illinois in *The Home Indemnity Company* v. *Reynolds, supra,* in arriving at its holding that the result of denial of a motion for summary judgment was not appealable because it became merged in the subsequent trial on the merits. There it was said:

> "An incorrect ruling deprived the moving party of a judgment it should have had. It could not immediately appeal from the orders denying its motions because the orders were not final and appealable. * * * If it cannot appeal after judgment, if it does not come under the rule that an Appellate Court may review interlocutory orders (where a separate appeal did not lie from such orders, 2 I. L. P. Appeal and Error § 651), what remedy does it have? To deny a review seems to be unjust."

The reason for denying review of an interlocutory order is obviously because it is not final and does not conclude the action or determine the rights of the parties. The objective in all instances is to avoid piecemeal appeals and the hazard of delays that would unduly postpone a final judgment. When a judgment becomes final, however, the unsuccessful party who has elected to stand on the interlocutory determination should be entitled to a review thereof.

On the basis of the summary judgment act as the

record now appears, appellant was entitled to a summary judgment.

Appellee in this case was confronted with an affidavit which completely set up a state of facts entitling appellant to relief, when considered along with the admissions of fact and answers to interrogatories by appellee. On a motion thus supported, appellee could not rest upon the allegations or denials of his pleadings. Ark. Stat. Ann. § 29-211.(e) (Supp. 1967). Its response must have been by counter-affidavits, depositions or answers to interrogatories setting forth specific facts showing that there was a genuine issue of fact or by affidavits showing reasons why it could not present by affidavits facts essential to justify its opposition. Ark. Stat. Ann. § 29-211(e); § 29-211(f) (Repl. 1962); *Mid-South Ins. Co.* v. *First Nat'l Bank of Fort Smith,* 241 Ark. 935. 410 S. W. 2d 873; *Douglas* v. *Citizens Bank,* 244 Ark. 168, 424 S. W. 2d 532; *Scarboro* v. *Universal CIT Credit Corp.,* 364 F. 2d 10 (5th Cir. 1966). Appellee only filed an unverified response which did not set out any specific fact entitling it to the reformation of the note necessary to its counterclaim and defense. An unverified pleading does not meet the requirements of summary judgment procedure. *Mid-South Ins. Co.* v. *First Nat'l Bank of Fort Smith, supra.* If the movant makes a case for summary judgment, the opposition is required to remove the shielding cloak of formal allegations and demonstrate a genuine issue as to a material fact. *Deam* v. *Puryear & Sons, Inc.,* 244 Ark. 18, 423 S. W. 2d 554. What we said in *Mid-South Ins. Co.* v. *First Nat'l Bank of Fort Smith, supra,* is applicable here:

"* * * Mid-South would force the case to trial by merely contending that an issue exists, without any showing of evidence. This would defeat the whole purpose of summary judgment procedure."

I would reverse and enter judgment for appellant.

I am authorized to state that George Rose Smith, J., joins in this dissent.