CARL W. WIDMER v. FORT SMITH
VEHICLE AND MACHINERY CORPORATION

5-4569                                    429 S. W. 2d 993

Opinion delivered May 27, 1968
[Rehearing denied July 15, 1968.]

*Carl W. Widmer*, pro se.

*Hardin, Barton, Hardin & Jesson*, for appellee.

PAUL WARD, Justice. This is an appeal by Carl W.
Widmer (appellant herein) from a chancery decree
which denied appellant's motion for summary judgment,
and also directed a verdict in favor of Fort Smith Ve-
hicle and Machinery Corporation (appellee herein).

A brief summary of the background facts and court
proceedings is sufficient for an understanding of the
issues here involved.

On November 29, 1965 appellant filed a complaint in
circuit court alleging appellee had illegally entered upon
his farm and carried away a grain drill which he pur-
chased March 12, 1963 on a "conditional sales contract".
He asked for the value of the drill, and also for puni-
tive damages. Appellee answered on December 9, 1965,
denying all material allegations. From that date until
September 20, 1966 appellant filed numerous pleadings
—including interrogatories, Motions for Admission of
Facts, and Motions for Summary Judgment. To all of
these motions appellee replied by motion or answer.

On the last mentioned date appellee filed a Counterclaim, and a Motion to Transfer to a court of Equity, alleging a need to reform portions of the conditional sales contract in accord with the intention of both parties. Six days later the circuit judge entered an Order transferring the cause to the chancery docket. This was done without opposition on the part of appellant.

On August 7, 1967, approximately eleven months after the case had been transferred to the Chancery Court, appellant filed a "Motion for Summary Judgment" supported by his own affidavit, Appellee responded to the above Motion, stating "there are genuine issues as to material facts in this case"—pointing out the issues in detail. On August 14, 1967 the Chancery Judge delivered to both parties a "Pre-Trial Memorandum and Order" in which he stated: the Motion for Summary Judgment is denied; there are genuine material issues of facts to be decided; it was agreed at a pretrial conference that both sides would present testimony, and; the case is now ready for trial.

When the case was called for a hearing both sides announced ready. Upon being asked to proceed, appellant declined to put on any witness but stated that he was standing on his Motion for a Summary Judgment. Then on appellee's Motion, the trial court found:

> "That the plaintiff, having the burden of proof and the burden of going forward with the evidence as to these issues, has failed to go forward with the evidence, or otherwise establish a prima facie case against the defendant, and judgment should be given, therefore, for the defendant as to plaintiff's complaint."

Accordingly, the court dismissed appellant's complaint with prejudice—hence this appeal.

It is our conclusion that the decree of the trial court

must be affirmed because the Order of the trial court, denying appellant's Motion for a Summary Judgment, is not on appealable order. See: *Carl W. Widmer* v. *Fort Smith Vehicle & Machinery Corporation* (No. 4568)—opinion delivered this date.

Affirmed.

SMITH and FOGLEMAN, JJ., dissent.

JOHN FOGLEMAN, Justice, dissenting. I dissent for the reasons stated in my dissenting opinion in *Widmer* v. *Fort Smith Vehicle & Machinery Corporation*, § 5-4568, 244 Ark. 971, 42 9 S. W. 2d 63. I would reverse and enter summary judgment in favor of appellant.

I am authorized to state that George Rose Smith, J., joins in this dissent.