## Howard L. THOMAS and GULPHA CONSTRUCTORS, Inc. *v.* Phillip G. KELLETT

76-107                                    542 S.W. 2d 501

### Opinion delivered November 1, 1976

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellants.

*Dean A. Garrett,* for appellees.

FRANK HOLT, Justice. This appeal results from a jury verdict awarding $3,500 damages to appellee in a suit arising out of an automobile accident. Appellants contend that the court·erred in giving the following instruction to which the appellants specifically objected that there was no substantial evidence from which the jury could find that the condition of the pickup truck driven by appellant Thomas was the proximate cause of the accident:

> There was in force in the State of Arkansas at the time of the occurrence, a statute which provided: AMI—908 No person shall drive and no owner shall cause or knowingly permit to be driven or moved on any highway a vehicle which is in such an unsafe condition as to endanger any person.

A violation of this statute, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case.

The accident occurred after appellant Thomas, who was driving a pickup truck belonging to his employer, appellant Gulpha Constructors, Inc., passed appellee's tractor-trailer rig. Upon successfully overtaking appellee, Thomas moved back into the right lane, whereupon he heard a "rattling and clanging" noise coming from the truck. Thomas began slowing down, gave a left hand signal and came to a stop in the road to avoid oncoming traffic preparatory to pulling off on a side road to his left in order to determine the source of the noise. The pickup truck had a history of mechanical trouble with the transmission and universal joint and repair efforts had not corrected the condition. He was instructed to stop the truck and check it whenever anything "acted up." There was also evidence of a "possibility of the vehicle just stopping or locking up." When the appellee observed that the truck had stopped in front of him, he was unable to stop and had to leave the road where he lost control of his tractor-trailer. The trailer broke loose and overturned injuring the appellee. Immediately following the accident, Thomas "pulled off over to the [right] side of the road" and "went back there to see if [appellee Kellett] was hurt." Afterwards, Thomas drove the pickup approximately fifty miles before it became necessary to repair the universal joint.

Appellants argue that the mechanical condition of the truck at the time of the accident was not the proximate cause of the accident. The appellee responds that in "considering whether the defective mechanical condition of the pickup truck was the proximate cause of this accident," appellant Thomas the driver of the pickup truck, "had no reason to stop and make a left hand turn, after passing [Kellett's] large tractor trailer rig, except for the emergency situation created by the mechanical difficulties" of the pickup truck. Appellee's reliance upon *Bryant* v. *Thomas*, 230 Ark. 999, 328 S.W. 2d 83 (1959), is misplaced. There the engine malfunction of Bryant's vehicle was the cause of it coming to a "standstill" in the highway. Here, appellant Thomas' vehicle was not forced to come to a stop on the highway due to a mechanical

difficulty. The driver himself stopped the vehicle because he heard a noise in it. As indicated, following the accident, he drove it off to the right side of the road and thereafter approximately fifty miles before it became necessary to make repairs.

When we view the evidence most favorable to the appellee, we hold that the mechanical condition of the vehicle was not a proximate cause of the accident. See *West* v. *Wall,* 191 Ark. 856, 88 S.W. 2d 63 (1935); *Ben M. Hogan & Co.* v. *Krug,* 234 Ark. 280, 351 S.W. 2d 451 (1961); and *Lytal* v. *Crank,* 240 Ark. 433, 399 S.W. 2d 670 (1966). Here, the question of proximate cause involved only the degree of care being used by appellant Thomas and appellee Kellett in the operation of their respective vehicles. Consequently, as asserted by appellants, it was error to give the instruction.

Reversed and remanded.

We agree: HARRIS, C.J., and BYRD and ROY, JJ.