Arnal Wayne GRIFFIN *v.* GEORGE'S INC.

79-195                                              587 S.W. 2d 225

Opinion delivered October 8, 1979
(Division I)

*Wommack & Hawkins*, by: *Claude S. Hawkins, Jr.*, for appellant.

*Crouch, Blair, Cypert & Waters*, for appellee.

JOHN A. FOGLEMAN, Justice. In this case appellant filed suit against George's, Inc. and other defendants seeking to recover damages for injuries allegedly suffered by appellant when he became trapped in an unguarded grain auger owned and operated by George's. Appellant alleged that he was, at

the time, an employee of George's, Inc., and that certain individual defendants, as supervisory employees of George's, assigned him to work which exposed him to danger of injury by the grain auger, which he alleged was maintained and operated by his employer in such a hazardous and dangerous condition that the defendants recognized the substantial certainty that injury would result to a worker because of that condition. All the defendants filed a demurrer to appellant's amended complaint which made these allegations. The demurrer was sustained as to George's, Inc., but was overruled as to the individual defendants. In the order entered on the demurrer, the trial court granted appellant 30 days to plead further against George's, Inc. The record discloses no further pleading by appellant, except for a notice of appeal. Nor does it disclose any final order dismissing appellant's complaint. The appeal was taken from the order sustaining the demurrer.

We find ourselves in a position identical to that in *Nunez v. O. K. Processors,* 238 Ark. 346, 381 S.W. 2d 754, except that, in this case, the notice of appeal did not contain an election by the appellant to stand on his pleadings. As we did in *Nunez,* we elect to afford the parties an opportunity to supply what is lacking, i.e., a final judgment dismissing the complaint as to George's, Inc., and a notice of appeal from that judgment. If the parties will, within 15 days, take the necessary action to supplement the record in those respects and file a stipulation that the appeal may be heard upon the briefs already filed, we shall decide the case upon its merits; otherwise, the appeal will be dismissed without prejudice.

We agree. HARRIS, C.J., GEORGE ROSE SMITH and HICKMAN, JJ.